JAMES LINDSAY

*v.*

SARAH STOUT.*

1. PLEA IN ABATEMENT—*waiver*. A plea in bar filed in a cause, will operate as a waiver of a plea in abatement previously filed.

2. PLEA UNANSWERED—*trial without an issue*. Where a case stands merely upon a plea of confession and avoidance, which constitutes a good bar to the action, a verdict and judgment in favor of the plaintiff, resulting from a trial while such plea remains unanswered, will be erroneous, there being no issue to be tried.

WRIT OF ERROR to the Circuit Court of Edgar county.

Mr. R. N. BISHOP, and Mr. A. J. HUNTER, for the plaintiff in error.

Mr. JOHN W. BLACKBURN, for the defendant in error.

Mr. JUSTICE McALLISTER delivered the opinion of the Court :

In this case, which was assumpsit upon two promissory notes, the defendant below filed, first, a plea in abatement, averring that plaintiff was a married woman at the commencement of the suit, and her husband was still living. To this plea plaintiff first demurred, then obtained leave to withdraw the demurrer, and, replying, alleged that the notes sued on were her sole and separate property, etc. Rejoinder by defendant, traversing the matters alleged.

At a subsequent term the defendant, by leave, filed the general issue, and a special plea setting up that the notes were obtained by fraud. At the next term the defendant, by leave, withdrew the plea of the general issue. The record shows

---

* This and the remaining cases contained in this volume were submitted at the January term, 1871, but by reason of the records being destroyed in the Chicago fire in that year, while in the office of Mr. Justice McAllister, the final disposition of them was necessarily delayed.

that, as the case then stood, there was a trial by a jury, and verdict for plaintiff for $265.33, upon which judgment was rendered.

There is nothing in the record to show that the plea of fraud was answered by either demurrer or replication.

The defendant, by filing the general issue and special plea to the merits, waived the plea in abatement, and when the general issue was withdrawn, the case stood merely upon a plea of confession and avoidance; that plea remaining unanswered at the time of the so-called trial, there was no issue to be tried, and the unanswered plea constituting a good bar to the action, the judgment of the court below is erroneous, and must be reversed, and the cause remanded.

*Judgment reversed.*