HELEN ELIZABETH DUNHAM HAWES *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa November 1, 1895.*

1. MUNICIPAL CORPORATIONS—*an ordinance which is unjust and oppressive is void.* An ordinance which is unreasonable, unjust and oppressive will be held by the courts to be void.

2. SAME—*reasonableness of an ordinance is for the court.* The reasonableness or unreasonableness of a municipal ordinance is a question for the decision of the court, in the light of all existing circumstances and conditions, the objects sought to be obtained, and the necessity or want of necessity for its adoption.

3. SAME—*power to pass ordinances must be reasonably exercised.* Power to make ordinances on a given subject, conferred by the legislature without prescribing the details, must be reasonably exercised, else the ordinances will be held invalid.

4. PUBLIC IMPROVEMENTS—*ordinance for sidewalk—when void, as being unreasonable.* An ordinance compelling the substitution of a cement sidewalk in the place of a plank walk in front of a vacant twenty-acre lot, which had been laid less than six months before, in conformity with an ordinance, and which was in good condition, and in all respects safe, convenient and sufficient for public use, is unreasonable, unjust and oppressive, and therefore void.

CRAIG, C. J., dissenting.

APPEAL from the County Court of Cook county; the Hon. GEORGE W. BROWN, Judge, presiding.

IRA J. GEER, and KIRK HAWES, for appellants:

The power of the city council to declare what shall be a local improvement is an implied power, and an ordinance exercising that power, though regularly passed, must be reasonable, otherwise it is void. *Bloomington* v. *Railroad Co.* 134 Ill. 451; *Craw* v. *Tolono*, 96 id. 255; *Allen* v. *Drew*, 44 Vt. 172; *Bloomington* v. *Latham*, 142 Ill. 462; Dillon on Mun. Corp. secs. 319-321, 327; Cooley on Taxation, sec. 663; *Wistar* v. *Philadelphia*, 80 Pa. St. 511; 111 id. 604;. *Corigan* v. *Gage*, 68 Mo. 541.

The city council has no power to pass an ordinance the effect of which is to substitute improvements, or to

change one style of improvement for another style of the same improvement.    *Wistar* v. *Philadelphia*, 80 Pa. St. 511; *Hammet* v. *Philadelphia*, 65 id. 165.

HARRY RUBENS, Corporation Counsel, and JOHN F. HOLLAND, for appellee :

The powers of the city council are defined by the act relating to cities, villages and towns, (Hurd's Stat. art. 5, chap. 24,) clause 7 of section 1 of which reads as follows: "To lay out, to establish, open, alter, widen, extend, grade, pave or otherwise improve streets, alleys, avenues, sidewalks, wharves, parks and public grounds, and vacate the same."

It is not essential to the validity of an ordinance executing powers conferred by the legislature, that it should state the power as its basis.    It will be judicially regarded as emanating from that power which would have warranted its passage.    1 Dillon on Mun. Corp. (3d ed.) par. 317; *Methodist Church* v. *Baltimore*, 6 Gill, 391.

Under power to pass an ordinance "if found necessary," the necessity for its enactment, being implied from its mere passage, need not be recited in the ordinance nor averred in proceedings to enforce it.    The reasonableness of an ordinance is a question for the court, and in determining this question the court will have to regard all the circumstances of the particular city or corporation, the object sought to be obtained, and the necessity which exists for the ordinance.    1 Dillon on Mun. Corp. (3d ed.) par. 327; *Tugman* v. *Chicago*, 78 Ill. 405; *Chicago* v. *Rumpff*, 45 id. 90.

The court is not bound to quash a by-law unless it appears to be illegal on the face of it.    Where it is attempted to be proved so by extraneous evidence, it may be discretionary with the court, upon such evidence, to say whether the by-law shall stand or not.    *Grierson* v. *County of Ontario*, 9 Upp. Can. (Q. B.) 623.

It is not necessary to recite in a by-law all that is requisite to show the authority of the council or the regularity of its proceedings.  These will be presumed until the contrary is proved.  *Fisher* v. *Vaughan*, 10 Upp. Can. (Q. B.) 492.

ADOLPH KRAUS, and MAHER & GILBERT, also for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

This is an appeal from a judgment of confirmation of a special assessment made under an ordinance of the city of Chicago passed March 7, 1892, and providing for the construction of a cement sidewalk on Fiftieth street, from Lake avenue to Drexel boulevard.  The commissioners appointed to assess the cost and expenses of the improvement upon the property benefited thereby, returned into court an assessment roll, in which the property here in question, then owned by John H. Dunham, since deceased, was assessed in the sum of $1915.50.  Various objections, in writing, were filed by said Dunham and overruled by the court.  The question of benefits was submitted to a jury, and the jury, in their verdict, reduced the assessment on the property to $1638.75.  Motions for a new trial and in arrest of judgment, as well as motions to dismiss the petition and to cancel the assessment, were made by the objector and overruled by the court, and exceptions taken, and the court entered judgment of confirmation for the amount fixed by the verdict of the jury, and the objector perfected an appeal to this court.  John H. Dunham, the objector, thereafter died, and his death was suggested, and by leave of court Helen Elizabeth Dunham Hawes and Mary Virginia Dunham, who are his heirs-at-law and devisees under his will, now prosecute the appeal.

It is claimed by appellants that the ordinance providing for the construction of the cement sidewalk, and under which the assessment was made, is unreasonable, unjust and oppressive, and therefore void.  The uncon-

tradicted evidence in the case shows that the tract of
land, the south fifty feet of which is assessed for this
improvement, is a twenty-acre tract, having a frontage
of 1256 feet along Fiftieth street, where it is proposed
to construct this cement sidewalk; that there is not a
house or a building of any kind upon it, and that it is an
unsubdivided tract of land, and the only use to which it
is put is that of a field for raising hay. Only five months
before the passage of this ordinance for the construction
of a cement sidewalk, the devisor of the appellants in
this case, in compliance with a prior ordinance of the
city duly passed for that purpose, constructed and put
down along the line of this street, in the very place
where this cement sidewalk is to be placed, a wood side-
walk six feet in width, made of plank laid crosswise on
stringers or joists, in strict conformity to the regulations
and requirements of the city; and this plank sidewalk,
at the time this ordinance on which the present proceed-
ings are based was passed, and at the time this case was
heard in the court below, was in good order and condi-
tion. The uncontradicted evidence further shows that
the street along which it is proposed to construct this
cement sidewalk has never been improved by the city.
It is neither curbed nor paved, sewered nor watered, sur-
veyed nor graded. If it is to be considered as a street
sixty-six feet wide, then there is a line of telegraph poles
planted right through the center of it, and the north
thirty-three feet of it has never been formally dedicated
by the owner to public use nor condemned by any muni-
cipal corporation, and if the public have any right to it at
all, it is a right by prescription or by implied dedication.

Such was and is the condition of this street in front of
appellants' property, and yet, as appears from the record
of the case, the common council of the city of Chicago,
only five months after the construction, at a great ex-
pense, of a new plank sidewalk, built in conformity with
the order of the city council, 1256 feet long, passed a

second ordinance ordering this new plank sidewalk torn up and a cement walk, at an assessed expense of $1915.50, or $1638.75, put down in its place. It is admitted by the city—at least not denied—that this plank or wooden sidewalk, at the time the ordinance for the cement sidewalk was passed and at the time this case was heard in the court below, was in good order and condition, and will answer equally as well, for the purposes of travel, as a cement walk. Now, can it for a moment be contended that it is not unreasonable, unjust and oppressive to compel the owner of a vacant twenty-acre lot first to construct and pay for a wood sidewalk, and then, within less than six months, and when it is in substantially as good condition as when first built, and in all respects safe, convenient and sufficient for public use and travel, take it up, throw it away and put down another in its place at an expense of over $1600? It seems to us that it cannot be, especially when we take into consideration the fact that the street has never been improved, curbed, graded, paved or sewered. And further; it is clear, from the evidence in the case, that if this judgment should be affirmed and appellant compelled to take up the wood sidewalk and put down one of cement, the cement sidewalk will be ruined by putting in the house drains every twenty-five feet along the line of the street, or at least seriously injured, and whenever the street is improved and dwellings are constructed along the line of the walk the walk itself is quite likely to be destroyed.

An ordinance must be reasonable, and if it is unreasonable, unjust and oppressive the courts will hold it invalid and void. (*City of Chicago* v. *Rumpff,* 45 Ill. 90; *Tugman* v. *City of Chicago,* 78 id. 405.) The question of the reasonableness or unreasonableness of a municipal ordinance is one for the decision of the court, and in determining that question the court will have regard to all the existing circumstances or contemporaneous conditions, the objects sought to be obtained, and the necessity or

want of necessity for its adoption. (*Toledo, Wabash and Western Railway Co.* v. *City of Jacksonville,* 67 Ill. 37; *City of Lake View* v. *Tate,* 130 id. 247; 1 Dillon on Mun. Corp. sec. 327.) And even where the power to legislate on a given subject is conferred on a municipal corporation, yet if the details of such legislation are not prescribed by the legislature, there the ordinance passed in pursuance of such power must be a reasonable exercise thereof, or it will be pronounced invalid. 1 Dillon on Mun. Corp. sec. 328; *City of St. Paul* v. *Colter,* 12 Minn. 41; *Dunham* v. *Trustees of Rochester,* 5 Cow. 462; *Breninger* v. *Belvidere,* 44 N. J. Law, 350.

In Cooley on Taxation (p. 428) it is said: "A clear case of abuse of legislative authority in imposing the burden of a public improvement on persons or property not specially benefited would undoubtedly be treated as an excess of power, and void." In *Allen* v. *Drew,* 44 Vt. 174, the court, by REDFIELD, J., says: "We have no doubt that a local assessment may so transcend the limits of equality and reason that its exaction would cease to be a tax, or contribution to a common burden, and become extortion and confiscation. In that case it would be the duty of the court to protect the citizen from robbery under color of a better name." In *Wistar* v. *Philadelphia,* 80 Pa. St. 505, Chief Justice AGNEW says: "But if we say the city may change its pavements at pleasure, and as often as it please, at the expense of the ground owner, we take a new step, and there must be explicit legislation to authorize such taxation. If, while the pavement is good and stands in no need of repair, the city may tear it up, relay, and charge the owner again with one excessively costly, it would be exaction—not taxation. We are not at liberty to impute such a design to the legislature, unless it has plainly expressed its meaning to do this unjust thing." And in *Wistar* v. *Philadelphia,* 111 Pa. St. 604, it is held that where a property owner has well and properly set curb-stones in front of

his property, at his own expense, on the proper line, in accordance with the style in common use, and they are in good order and repair, the expense of replacing them with others cannot be provided by an assessment upon his property. In *Corrigan* v. *Gage*, 68 Mo. 541, it was held that the ordinance for the paving of the sidewalk there in question was unreasonable and oppressive and subject to judicial inquiry, because such sidewalk was in an uninhabited portion of the city and disconnected with any other street or sidewalk, and the judgment of the court below was reversed. In *City of Bloomington* v. *Chicago and Alton Railroad Co.* 134 Ill. 451, this court held that where the ordinance is grossly unreasonable, unjust and oppressive, that may be shown in defense of the application for confirmation. In *City of Bloomington* v. *Latham*, 142 Ill. 462, we held that an ordinance directing that the cost of the land taken or damaged, or both, should be assessed upon and collected from the lands abutting upon the proposed alley or street, in proportion to the frontage thereof, was unreasonable and void. And in *Davis* v. *City of Litchfield*, 145 Ill. 313, and *Palmer* v. *City of Danville*, 154 id. 156, ordinances levying special taxes for local improvements were held to be unreasonable, arbitrary abuses of power, and void.

The rule is, that it requires a clear and strong case to justify a court in annulling the action of a municipal corporation, acting within the apparent scope of its authority. But in our opinion such a case appears in this record. We think that the ordinance in question, in so far as and to the extent that it affects the property of appellants, is unreasonable, unjust and oppressive, and therefore void.

The judgment of confirmation as to the property of appellants is reversed, and, the ordinance being void as to such property, the cause will not be remanded.

*Judgment reversed.*

Mr. CHIEF JUSTICE CRAIG, dissenting.