GEORGE C. WALKER, Trustee,

*v.*

THE VILLAGE OF MORGAN PARK *et al.*

*Opinion filed October 24, 1898.*

1. MUNICIPAL CORPORATIONS—*necessity for local improvement is not a question for the court.* The construction of a sidewalk under an ordinance passed by a municipal corporation in strict conformity with a valid statute will not be enjoined upon the sole ground that no necessity for the improvement exists, unless it clearly appears that the ordinance is unjust and oppressive. (*Hawes* v. *City of Chicago,* 158 Ill. 653, distinguished.)

2. SAME—*the fact that no pressing demand for sidewalk exists does not make its construction unreasonable.* The fact that no pressing demand for a sidewalk exists, and that it might in the end be better to wait until the population of the village increases, does not make the construction of a sidewalk so oppressive as to call for equitable interference.

APPEAL from the Superior Court of Cook county; the Hon. H. V. FREEMAN, Judge, presiding.

On the 20th day of July, 1897, the president and board of trustees of the village of Morgan Park passed an ordinance for the construction of sidewalks in certain streets of the village. The ordinance was passed under and in pursuance of the Sidewalk act of April 15, 1875, (Hurd's Stat. 1897, p. 309,) and in strict conformity to that statute. The village of Morgan Park, as appears, contains about two thousand inhabitants, and is located some twelve miles out from the city of Chicago. Upon the passage of the ordinance, appellant, who owned certain lots fronting on certain streets along which the sidewalk was ordered constructed, filed this bill to enjoin the village and its officers from proceeding under the ordinance in the construction of sidewalks along or upon his property. The defendants to the bill appeared and filed a demurrer, which, upon the argument, was sustained and

the bill dismissed. To reverse the judgment the complainant has prosecuted this appeal.

DUPEE, JUDAH, WILLARD & WOLF, for appellant.

GEORGE W. NORTHRUP, Jr., Village Attorney, (NEWMAN, NORTHRUP' & LEVINSON, of counsel,) for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It is alleged in the bill that among the sidewalks required by the ordinance are one on the east side of Prospect avenue, from the south line of Raymond street to the north line of One Hundred and Nineteenth street, and one on the north side of One Hundred and Nineteenth street, from the east line of the right of way of the dummy line of the Chicago, Rock Island and Pacific Railroad Company to the east line of Western avenue; that the sidewalk on Prospect avenue will run in a northerly and southerly direction, and be upwards of 2475 feet in length, and that complainant owns various lots on the line of the proposed sidewalk, having an aggregate frontage thereon of upwards of 1950 feet, being by far the greater part of the frontage; that the sidewalk on One Hundred and Nineteenth street will run in an east and west direction, connecting, some distance east of its center, with the Prospect avenue sidewalk, and will be upwards of 1850 feet in length, and that complainant owns various lots on the line of that proposed sidewalk, having an aggregate frontage thereon of upwards of 1150 feet, being all the frontage thereon from Prospect avenue to Western avenue; that if the proposed sidewalks, so far as contiguous to complainant's lots, be constructed by complainant, such construction will cost complainant not less than twenty-two cents per foot, or, for the Prospect avenue sidewalk, not less than $429, and for the sidewalk on One Hundred and Nineteenth street not less than $253, making a total of $682; that if said sidewalks, so far as

contiguous to complainant's lots, be constructed by the village, the expense thereof, as complainant is informed and believes, will be not less than thirty-eight cents per foot, or, for the part on Prospect avenue, $741, and for the part on One Hundred and Nineteenth street $437, making a total of $1178, which amount will be assessed by the village against complainant's lots. It is then alleged that there are no improvements of any character on any of the property owned by the complainant; that there are a few scattering houses just east of the dummy line of the Chicago, Rock Island and Pacific Railroad Company and just north of One Hundred and Nineteenth street; that the people living in these houses, as complainant understands, are all, or nearly all, laborers, some of whom work in the said village, some in West Pullman, which lies south-east of said Morgan Park, and some, perhaps, in the city of Chicago; that said dummy line is a branch railroad running in a northerly and southerly direction just east of Washington avenue, and that there are stations on said dummy line at One Hundred and Nineteenth and One Hundred and Fifteenth streets; that the line of the Northern Pacific Railroad Company runs north and south about a block west of Western avenue, and that there is a regular station on said line at One Hundred and Fifteenth street; that trains also stop on said line, as complainant is informed, at a point in Blue Island about a half a block or a block south of One Hundred and Nineteenth street, and that complainant understands that it is for the purpose of enabling the few persons living near the corner of Vincennes avenue and One Hundred and Nineteenth street, who may occasionally desire to catch said Northern Pacific trains at this last mentioned stopping place, that said sidewalk on One Hundred and Nineteenth street has been ordered, the fare into the city of Chicago on said Northern Pacific line being five cents and on said Rock Island dummy line fifteen cents; that there is no other use to which said sidewalk

on One Hundred and Nineteenth street could be put, and that there is practically no use whatever to which the proposed sidewalk on Prospect avenue could in any near future be put; that there is already existing a connected line of sidewalks on said Vincennes avenue, Raymond street and Lothair and Medora avenues, leading to said stations on said dummy line at One Hundred and Nineteenth and One Hundred and Fifteenth streets, and that of said Northern Pacific line at One Hundred and Fifteenth street.

From the allegations of the bill it is apparent that the real ground relied upon to defeat the ordinance providing for the construction of the sidewalk is that the locality where the sidewalk is ordered constructed is so thinly settled that there is no necessity whatever for the construction of a sidewalk,—that no sidewalk was needed where it was ordered to be laid. What the public necessities were was a question solely for the determination of the president and board of trustees of the village of Morgan Park, and when the incorporation clothed with power has acted in strict conformity to the statute conferring the power, as was the case here, its decision must be held final and conclusive, unless it is apparent that the action of the municipality is unreasonable, unjust and oppressive, as held in *Hawes* v. *City of Chicago*, 158 Ill. 653. It may be that there was no pressing demand for the sidewalk in question, and that it would in the end have been better had its construction been postponed until the population of the village had increased; but that was a matter for the board of trustees to settle for themselves, and when they provide for improvements not needed or demanded by the majority of the people of the municipality, the remedy is an appeal to the ballot-box and the election of men who will heed the wants and necessities of a majority of the people.

There is no similarity between this case and the *Hawes case*. There the appellant, Hawes, had constructed a

plank sidewalk 1256 feet long in front of his property, in conformity to an ordinance of the city. Five months after the walk had been put down, and when it was in good condition and safe and sufficient for public use, the city council passed another ordinance which ordered the plank walk to be torn up and a cement walk to be constructed at a cost to Hawes of $1915. This was such a glaring fraud and imposition upon the property owner that the court held the ordinance unreasonable, unjust and oppressive, but it was there said (p. 659): "The rule is, that it requires a clear and strong case to justify a court in annulling the action of a municipal corporation acting within the apparent scope of its authority." No such case was made by the bill here. No sidewalk had ever been laid over complainant's property, and while we do not think a great necessity existed for the improvement, still we do not regard the action of the village so unreasonable, unjust and oppressive as to call upon a court of equity to interfere. The Sidewalk act of 1875 expressly authorized the village to provide for the construction of sidewalks by ordinance, as was done in this case. The validity of that act was before this court in *White* v. *People,* 94 Ill. 604, and the act was held valid. The ruling in that case has been followed in a number of cases since that decision.

The village of Morgan Park, therefore, having passed an ordinance for the construction of a sidewalk as it was authorized to do under a valid act of the legislature, and the ordinance not being unreasonable, unjust and oppressive, it must be sustained.

The decree of the superior court will be affirmed.

*Decree affirmed.*