The plaintiff, having objected to this last form of repair, has refused to construct the sidewalk, and brings an injunction against the city from constructing the same. It is admitted that the city is about to, and has indeed, let the contract for constructing a new cement sidewalk.
*658 A fair preponderance of the evidence shows that the sidewalk as originally constructed, when this subdivision was laid out, was constructed under the direction of the city engineer and conformed to the grade at that time.. The necessity for a new grade at the'present time is not denied. The present quality of brick is good. The bricks are in perfect condition and the sidewalk is smooth. Two defects exist: first, the property owner immediately west of the plaintiff has constructed a new sidewalk of cement, conforming to the new grade, and which makes that sidewalk about four inches higher than the plaintiff’s sidewalk; second, the plaintiff’s sidewalk does not have such a slope as runs the water off at the rear end in a proper manner.
It must be admitted that the power to improve and repair streets and sidewalks is vested in the corporation, and the discretion as to the grade, the manner of construction, as well as the discretion as to when a sidewalk should be repaired are not subject to judicial control, unless such abuse is apparent as would authorize a departure from that rule. *t is essential that this discretion as to when a sidewalk should be repaired are not subject to judicial control, unless such abuse is apparent as would authorize a departure from that rule. It is essential that this discretion be lodged somewhere, and that it does lie in the city there can be no dispute. The city is liable in damages to any one who is injured by reason of its failure to keep sidewalks in repair. And with this duty there must necessarily be coupled discretion to determine the time, the manner and extent of repairs necessary, and it has been held where a city has been compelled to pay damages for injuries caused by defective sidewalks, it can not afterwards recover in damages from the property owner whose negligent construction of the walk, or whose neglect to repair it, caused the injury. Wilhelm, v. The City of Defiance, 58 Ohio State, 56.
The only question, therefore, left for this court to determine, is whether or not the city has abused its discretion in ordering this sidewalk to be constructed of cement, a much more expensive material as well as different in character from the *659 present one. It must be conceded that the objection of the city to the present sidewalk is not based upon the material out of which the sidewalk is constructed. There is not one reason advanced nor complaint made by the city against the material in the present sidewalk. The objections consist only in the present grade of the sidewalk and the slope thereof toward the curb. The evidence shows that with the exception of the sidewalk immediately across the street from the one in question here, and which was ordered repaired at the same time, and with the exception of a short space immediately west of the plaintiff here, which has been voluntarily constructed of cement by the owner, that the remainder of the sidewalks on that street is in the main constructed of brick. The fact is that the city of Columbus on that street has recognized and still recognizes brick sidewalks to be sufficient. The city has announced and advanced no other policy. If any necessity exists for the use of cement sidewalks, or if the brick sidewalks are not sufficient, such a policy should be indicated by the city at least to all of the parties having sidewalks upon the street, or ' a good part of the street in question; certainly not less than the entire street between any two squares. I am unable to see the reasonableness of an action on the part of the city which will require and seek to determine a cement sidewalk to be essential in front of A’s house and at the same time not make the same order with reference to B. Granting that the city, for the sake of uniformity and for beauty, may require a cement sidewalk to be laid on a certain street uniformly between certain points, such a condition does not exist in this ease.
That the court has power in such a case as this to determine whether or not there has been an abuse of discretion,_ see the case of Hawes v. The City of Chicago, 158 Ill., 653, where that court holds that:
“An ordinance compelling the substitution of a cement sidewalk in places of a plank walk in front of a vacant twenty-acre lot, which had been laid less than six months before in con- and in all respects safe, convenient and sufficient for public *660 formity with an ordinance, and which was in good condition use, is unreasonable, unjust, oppressive and therefore void.”
L. G. Addison, for plaintiff.
J. M. Butler, for defendant.
In this case I do not have any occasion to find, nor do I find, there was any .such oppression as seems to be indicated by the court in the foregoing quotation. As stated by Elliott ,in the citation by counsel for the defendant, the right of the judiciary to interfere exists where there has been either fraud, or oppression, or any such act as would constitute an abuse of discretion.
My conclusion, therefore, is that where the plain and manifest objects, and only objects of an improvement of a sidewalk consist in the correction of its grade and of its slope, it is an abuse of discretion for the council to require in addition to such changes the destruction of a perfectly good brick sidewalk and the construction of a new sidewalk made from a more expensive material, to-wit, cement, when at the same time the policy of the city is to permit all others on the same street and the same locality to maintain sidewalks of brick.
The injunction, therefore, will be made perpetual. Appeal bond fixed at $50, and exceptions noted.