JAMES D. LAMB, Trustee,

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 20, 1905—Rehearing denied Feb. 8, 1906.*

1. SPECIAL ASSESSMENTS—*whether improvement is unreasonable is a question of fact.* Whether a paving ordinance, in requiring a new combined curb and gutter instead of using the old curbing which was in place, is so unreasonable and oppressive as to render the ordinance void is a question of fact, and the determination by the county court that it is not unreasonable will be upheld unless clearly contrary to the weight of the evidence.

2. SAME—*when motion to quash is properly overruled.* A motion to quash a special assessment proceeding to pave a street, upon the ground that another proceeding to pave a cross-street, including the intersection of the two streets, was already pending, which motion is made during the course of the trial, is properly overruled, where the alleged former proceeding was dismissed before the hearing of the later proceeding was had.

3. SAME—*objection to vacating judgment and granting new trial must be made below.* An objection to the county court's action in vacating an order reducing an objector's assessment and in allowing a new trial to the petitioner cannot be urged for the first time on appeal, though the ground of the objection is that the term had passed at which the court could rightfully enter such an order but which ground is not shown by the record to exist.

APPEAL from the County Court of Cook county; the Hon. WILLIAM L. POND, Judge, presiding.

This is an appeal from a judgment of the county court of Cook county, rendered January 20, 1905, confirming an assessment against the property of objectors, levied to defray the cost of curbing, grading and paving with macadam, and a combined curb and gutter, Millard avenue from Ogden avenue to West Thirtieth street in Chicago. Ogden avenue intersects Millard avenue at Twenty-first street. The appellant, as trustee for Margaret A. Bonney, holds the fee to seventeen and one-half lots on Millard avenue, abutting upon the line of the improvement here in question, some of

them between West Twenty-third and West Twenty-fourth streets, some of them between West Twenty-fourth and West Twenty-fifth streets, and some between West Twenty-seventh and West Twenty-eighth streets. Millard avenue from Ogden avenue to West Twenty-eighth street was improved from eleven to fourteen years prior to the commencement of this proceeding with cedar blocks and Lemont limestone curb-stones. Millard avenue from West Twenty-eighth street to West Thirtieth street had never been graded, curbed or paved.

On June 27, 1904, the engineer for the board of local improvements presented his estimate for the cost of curbing, grading and paving Millard avenue from Ogden avenue to West Thirtieth street at $36,000.00, of which $7950.00 was for a granite, concrete, combined curb and gutter on cinders, 10,600 lineal feet at seventy-five cents a lineal foot. On August 4, 1904, the city filed its petition in the county court, and on August 12, 1904, an assessment roll was filed, in which the seventeen and one-half lots of appellant were specially assessed at $1722.95, to which appellant filed objections on September 2, 1904. On October 20, 1904, at the October term of the county court, the objections were sustained, and the assessment against the lots was reduced twenty-five per cent, or, in the aggregate, $430.74.

THOMAS S. MCCLELLAND, for appellant.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—The main objection, urged by the appellant for a reversal of the judgment, is, that the improvement was unreasonable, oppressive and unjust, and that, therefore, the ordinance was void upon the alleged ground that it provided

for the construction of a combined curb and gutter when the curb on the street was in good condition. It is not denied that Millard avenue from Ogden avenue to West Thirtieth street had been curbed, graded, and paved with cedar blocks and limestone curb-stones eleven years or more before the proceedings for the present improvement were inaugurated. It is not denied that the pavement of the main part of the street is decayed and worn out, so that a new pavement is necessary. The only ground, upon which the ordinance is attacked as unreasonable, is that it provides for the construction, in connection with the new macadam pavement to be put down, of a combined curb and gutter. The contention of the appellant is, that the curb-stones already in the street are in good condition, and that, therefore, it is unnecessary to construct a combined curb and gutter. Whether or not the old curb-stones are in a sufficiently good condition to justify their retention without the construction of a combined curb and gutter is a question of fact, as to which the testimony is conflicting.

Witnesses, testifying for the appellant, stated that the old Lemont limestone curb-stones were in good condition, but admitted that some of the stones were cracked, broken or split, and chipped at the corners, and that some of them, having been down a number of years, were out of alignment. One witness said that he counted eleven stones, which were worthless and broken. The evidence shows that the old curb-stones were set in the ground, leaving from six inches to a foot above the surface, and that the witnesses of appellant only made an examination of these curb-stones, so far as they projected above the surface of the ground, but did not make an examination of those parts of the stones, which were under the ground. There is testimony to the effect that a correct examination cannot be made of the stones below the surface, unless they are taken up. On the other hand, the testimony, introduced by the appellee, showed that this old curbing along the line of the street, proposed to be

improved, had settled and sunk in different places, and that it had been laid in 1891, and was crooked and out of alignment. One of the witnesses, introduced by the city, stated that, if fifty per cent of the old curbing was taken out and fifty per cent of new curbing put in, it would cost about the same as to put in the proposed combination curb and gutter.

The question, whether or not the ordinance was reasonable or unreasonable in requiring a combined curb and gutter, was a question for the decision of the court, and we are unable to say, in view of the evidence thus introduced, that the court did not decide correctly in holding that it was not an unreasonable requirement to have the old curb-stones taken up, and the new combined curb and gutter put in. (*Hawes* v. *City of Chicago,* 158 Ill. 653).

"The rule is that it requires a clear and strong case to justify a court in annulling the action of a municipal corporation acting within the apparent scope of its authority." (*Hawes* v. *City of Chicago, supra*).

In *Clark* v. *City of Chicago,* 214 Ill. 318, we said (p. 320) : "The question of the necessity of a local improvement is by law committed to the city council, and the courts have no right to interfere to prevent the construction of a local improvement, unless the ordinance is so unreasonable as to render it void.—*Walker* v. *City of Chicago,* 202 Ill. 531." Some of the testimony tends to show that the old curb-stones were laid in 1893, but other witnesses testified that they were laid in 1891. Where curb-stones have been laid for some thirteen or fourteen years, and have in many places become cracked, seamed and out of alignment, it can not be said that an improvement, which requires the tearing up of such curb-stones and the putting down of a combined curb and gutter in their stead, is so unjust, unreasonable and oppressive as to make the ordinance, providing for such combined curb and gutter, void. It is the peculiar province of the city council to determine the necessity and character of the improvement, and the manner of its construction, and

the presumption always exists in favor of the validity of a statute or ordinance, passed in pursuance of competent legal authority. When the municipal authorities, who have been clothed with power, have acted in strict conformity with the statute conferring the power, their decision must be held final and conclusive, unless it is apparent that their action is unreasonable, unjust and oppressive, which is not shown by the proof in the case at bar. (*City of Chicago* v. *Wilson,* 195 Ill. 19, and cases there cited). For the reasons above stated, we are of the opinion that the first objection urged by the appellant is not well taken.

*Second*—Millard avenue between the points, where it is proposed to improve the same, is crossed by West Twenty-fourth street. June 20, 1904, an ordinance was passed by the city council for paving West Twenty-fourth street, including its intersection with Millard avenue, and on July 2, 1904, a petition was filed by the city in the county court under the last named ordinance. The present ordinance for the paving of Millard avenue between the points already mentioned was passed on June 27, 1904, and the petition in this case was filed on August 4, 1904. The point is made by appellant, that the present proceedings should be quashed, because, at and before the passage of the ordinance of June 27, 1904, and the filing of the petition herein on August 4, 1904, another ordinance had been theretofore passed, and proceedings had been theretofore instituted to pave West Twenty-fourth street, which, at its intersection with Millard avenue, included a part of the present improvement, thus making, as is alleged, the present improvement of Millard avenue a double assessment as to the intersection at Twenty-fourth street. It is insisted by the appellant that two suits have thus been begun for the same cause of action, so far as this intersection is concerned, and that, therefore, the present suit, which is the second one, must abate.

It is admitted that the petition and proceedings for the paving of West Twenty-fourth street were dismissed previ-

ous to the hearing of the case at bar. It has been held that the pendency of a former action should be pleaded in abatement, and that such plea in abatement should be filed before any other pleadings, motions or steps are taken in the proceedings. (*Holloway* v. *Freeman,* 22 Ill. 197; *Union Nat. Bank* v. *First Nat. Bank,* 90 id. 56). The plea of a pending action is a plea in abatement. In the case at bar no plea was filed, but the motion to quash was made during the trial. If the motion thus made could be regarded as a plea in abatement setting up the pendency of a former action, it was waived here by the filing of general objections. A plea of abatement is waived by the filing of a plea in bar. (*Lindsay* v. *Stout,* 59 Ill. 491). We have held that overruled objections under a special appearance questioning the jurisdiction of the court to confirm a special assessment are waived by the filing of general objections. (*Porter* v. *City of Chicago,* 176 Ill. 605). Such general objections were here filed by the appellant after the overruling of the motion in question.

But even if it should be held that two suits were pending at the same time for the same improvement, the present record, as has already been stated, shows that the former was dismissed before the case at bar came to hearing. In 1 Encyclopedia of Pleading and Practice, (p. 755,) it is said: "The prevailing rule now is that the discontinuance or dismissal of the first suit after the commencement of the second may be set up in reply to the plea, and thus defeat an abatement." Consequently, the dismissal of the former proceeding, under the circumstances stated, is sufficient to defeat an abatement of the present proceeding. The objection, thus made by appellant, is in our opinion not well taken for the reasons thus stated.

*Third*—It is stated that it was unreasonable to require the pavement of the intersection of Millard avenue and Twenty-sixth street upon the alleged ground that the pavement at that point was in good condition, and for that reason the part of Millard avenue at the intersection of Twenty-sixth

street should have been omitted or excepted from the present improvement. There is evidence in the record, showing that the pavement at the intersection of Twenty-sixth street with Millard avenue had been laid for nine years, and was an old cedar block improvement which was much decayed, whereas the improvement in the case at bar was a macadam improvement. We are of the opinion that it was not unreasonable to require the pavement of the intersection in question.

*Fourth*—On October 20, 1904, the county court reduced appellant's assessment twenty-five per cent but afterwards on November 29, 1904, vacated the judgment so reducing the assessment, and granted to the city a new trial. It is contended by the appellant that, on November 29, 1904, the term, at which the judgment of reduction had been entered on October 20, 1904, had passed, and that, at the subsequent term in November, 1904, the court had no power to grant a new trial to the city. There seems to be some question whether or not the motion for new trial was not made before the October term had passed. Where a motion for new trial is made at the same term, at which the verdict is rendered, the motion for new trial is continued by operation of law, even if no formal order of continuance has been entered. (*Estate of Seiter* v. *Mowe,* 182 Ill. 351; *People* v. *Gary,* 105 id. 264; *Donaldson* v. *Copeland,* 201 id. 540).

Where a new trial is granted after judgment has been entered, the judgment is vacated even though no special order of vacation is entered. (14 Ency. of Pl. & Pr. p. 935; *Constantine* v. *Foster,* 57 Ill. 36; *Hearson* v. *Graudine,* 87 id. 115).

The order of November 29, 1904, is in part as follows: "And thereupon after hearing, it is ordered by the court that petitioner's motion for a new trial herein as to the property of objectors * * * be, and is hereby allowed." From this entry it would appear that the petitioner, the city of Chicago, had before November 29, 1904, entered a motion for new trial. Even if the record does not show when that

motion was entered, it will be presumed that it was entered before the expiration of the October term, because all presumptions are in favor of the regularity of the proceedings of the trial court where nothing appears to the contrary. It does not appear, however, anywhere in the record, that the appellant took exception to the action of the court in granting a new trial to the city; and it does not anywhere appear in the record that the objection now made was called to the attention of the trial court. It is, therefore, too late to make it here.

We see no reason for reversing the judgment of the county court, confirming the special assessment in this case, and, therefore, the judgment of the county court is affirmed.

*Judgment affirmed.*