Bishop v. State.

## GEORGE BISHOP *v.* STATE.

*(Nashville.* December Term, 1909.)

1. **QUARANTINE REGULATIONS.** Rule preventing noninfected as well as infected domestic animals from running at large that is within the statute, and reasonable.

Under a statute (Acts 1901, ch. 156, sec. 7) conferring upon the commissioner of agriculture and the State live stock inspector general supervision over all communicable diseases among domestic animals, and empowering them to make and enforce such rules and regulations against the spread and for the prevention and suppression of diseases as in their judgment may seem necessary and proper, a rule or regulation made or adopted by them, which prevents healthy cows as well as infected cows from running at large, is within the statute, and is a reasonable exercise of the power granted. (*Post, pp.* 731-734, 739, 740.)

Act cited and construed: Acts 1901, ch. 156, sec. 7.

2. **SAME.** **Same.** Sufficiency of indictment for violation of quarantine rules adopted and promulgated by officers.

An indictment under the statute (Acts 1901, ch. 156) for the suppression and prevention of the spread of communicable diseases among domestic animals, charging that the defendant did violate the quarantine rules adopted, established, and promulgated by the commissioner of agriculture, and State live stock inspector, under the authority of said statute, by allowing two cows owned or controlled by him to run at large, etc., without the required permission of a duly authorized inspector, shows, with sufficient clearness, what quarantine rules and regulations were violated by the defendant, and in what particulars they were violated. (*Post, pp.* 734, 735.)

Code cited and construed: Sec. 7077 (S.); sec. 5943 (M. & V.); sec. 5114 (T. & S. and 1858).

Acts cited and construed: Acts 1901, ch. 156.

3. **SAME.** Same. Evidence held sufficient to sustain verdict and conviction for violation.

The evidence is stated and held to be sufficient to sustain a verdict of guilty and judgment of conviction under an indictment for the violation of a regulation made and promulgated under the statute (Acts 1901, ch. 156) for the prevention and suppressing of communicable diseases among domestic animals, in that defendant permitted two cows to run at large without the required permission. (*Post, pp.* 735-738.)

Acts cited and construed: Acts 1901, ch. 156.

4. **SAME.** Same. Question of reasonableness is one for the court, and not for the jury.

The question of the reasonableness or unreasonableness of a rule or regulation, made and promulgated under the statute (Acts 1901, ch. 156) for the suppression and prevention of the spread of communicable diseases among domestic animals, is one for the court, and not for the jury. (*Post, pp.* 738, 739.)

Acts cited and construed: Acts 1901, ch. 156, sec. 7.

Cases cited and approved: Commonwealth v. Worcester, 3 Pick. (Mass.), 462; Hawes v. Chicago, 158 Ill., 653; State v. Boardman, 93 Me., 73; Austin v. Cemetery, 87 Tex., 330; State v. Jersey City, 37 N. J. Law, 348.

5. **SAME.** Reasonableness is not to be tested by extreme illustrations and supposed cases; case of a reasonable rule.

The reasonableness of a rule or regulation, adopted and promulgated under the statute (Acts 1901, ch. 156) for the suppression and prevention of the spread of communicable diseases among domestic animals, is not to be tested by its application to extreme illustrations, nor by supposed extreme cases altogether foreign to the facts of the case at bar, and the rule or regulation adopted and promulgated, as shown in the first headnote, is reasonable, and within the power conferred by said statute, and is, therefore, valid. (*Post, pp.* 739, 740.)

Acts cited and construed: Acts 1901, ch. 156.

FROM LINCOLN.

Appeal in error from the Circuit Court of Lincoln County.—Jos. C. HIGGINS, Judge.

J. E. ROUTT and HOLMAN & HOLMAN, for Bishop.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

The plaintiff in error, George Bishop, has appealed from a judgment of the circuit court of Lincoln county imposing upon him a fine of fifty dollars and the payment of the costs of the case for a violation of the quarantine rules and regulations adopted and promulgated by the commissioner of agriculture and State live stock inspector to prevent and restrict the spread of communicable and infectious diseases among domestic animals in this State.

The first question arises upon a demurrer to the indictment, which was overruled by the trial judge, and his action in that respect is assigned as error.

The indictment is predicated upon chapter 156 of the Session Acts of 1901, and particularly upon sections 7

and 8 of the act, together with certain of the rules and regulations adopted in pursuance thereof by the commissioner of agriculture and the State live stock inspector. This act is entitled "An act to prevent the spread of communicable diseases among domestic animals in the State of Tennessee, and to provide greater protection to the live stock industry of the State, and to provide penalties for the violation of this act, and to repeal chapter 424 of the Acts of 1899, and to amend chapter 46 of the Acts of 1897."

Section 7 provides: "That the commissioner of agriculture and the State live stock inspector shall have general supervision of all communicable diseases among domestic animals within, or that may be in transit through, the State, and they are empowered to establish quarantine against any animal or animals thus diseased, whether within or without the State, and may make such rules and regulations against the spread and for the suppression of said disease or diseases as in their judgment may seem necessary and proper; and in the enforcement of such rules and regulations they shall have the power to call on any one or more of the peace officers whose duty it shall be to give all the assistance in their power."

Section 8 provides: "That any person who willfully hinders, obstructs or otherwise disregards or evades such quarantine as they may declare, or violates any rule or regulation they shall make, in attempting to stamp out or restrict the spread of any disease or dis-

eases aforementioned, or who shall resist any peace officer acting under them, or either of them, shall be guilty of a misdemeanor, and upon conviction shall be fined not less than fifty dollars, nor more than five hundred dollars, or imprisoned in the county jail for a period of three months, or both, at the discretion of the court."

The first ground of the demurrer interposed by the defendant below is that "it is not alleged in the indictment found against him in this case that the two cows owned by him, which it is alleged were permitted to run at large, or stray on the public roads, commons, and ranges of said county of Lincoln, were infected with any communicable or infectious diseases, or fever ticks, or other communicable disorder."

It is not necessary that the indictment should charge that the cattle which were permitted to run at large were infected with a communicable or infectious disease. The commissioner of agriculture and State live stock inspector are not limited by the statute to making rules which would prohibit live stock already diseased from running at large, but they are authorized and empowered by section 7, above quoted, to "make such rules and regulations against the spread and for the suppression of said disease or diseases as in their judgment may seem necessary and proper." It is manifest that a rule which went no further than to prohibit cattle which were already known to be afflicted with communicable or infectious diseases from running at

large would be comparatively valueless in the way of preventing the spread of such diseases.

The second and last ground of the demurrer is that "it is not shown in the said indictment what quarantine rules and regulations alleged to have been adopted, established, and promulgated by the commissioner of agriculture and State live stock inspector of the State of Tennessee have been violated, evaded, or disregarded."

We think the indictment sufficient in the particulars indicated. The indictment (omitting formal caption) is as follows, *viz.*: "That George Bishop, heretofore, on the 23d day of April, 1909, in the county aforesaid, did willfully violate, evade, and disregard the quarantine rules and regulations adopted, established, and promulgated by the commissioner of agriculture and State live stock inspector of said State of Tennessee, enacted and promulgated by them under and by authority of the acts of the general assembly of said State of Tennessee to prevent and restrict the spread of communicable and infectious diseases among domestic animals in said State, by allowing two cows owned by him or under his control to run at large, or stray on the public roads, commons, and ranges of said county of Lincoln, the same being a county in said State of Tennessee, in which the work of tick eradication is being conducted, without first having obtained written permission for such privilege from a duly authorized inspector of said State, and against the peace and dignity of the State."

Under the practice in this State many of the formalities and technical requirements of the common law in respect of indictments have been discarded. It is provided by statute that "the statement of facts constituting the offense in an indictment shall be in ordinary and concise language without prolixity or repetition." Shannon's Code, sec. 7077.

We think the indictment in this case shows, with sufficient clearness, the particulars wherein the defendant has willfully violated, evaded, and disregarded the quarantine rules and regulations adopted, established, and promulgated by the commissioner of agriculture and State live stock inspector, etc., in that he has allowed two cows owned by him to run at large or stray, on the public roads, commons, and ranges of Lincoln county, the same being a county in Tennessee in which the work of tick eradication is being conducted, without first having obtained written permission from a duly authorized inspector of the State. The necessary effect of these averments is to charge that the defendant has violated that particular rule and regulation which prohibits cattle to run at large in the manner stated. The demurrer was properly overruled.

It is insisted on behalf of plaintiff in error that the evidence does not sustain the verdict of the jury. We think otherwise. In fact, the proof clearly establishes the guilt of the plaintiff in error. A pamphlet copy of the rules and regulations governing cattle quarantine in the State of Tennessee, duly proven to have been

adopted and promulgated by the commissioner of agriculture and the State live stock inspector, and in force during the year of 1909, is found in the record. Section 1 of said rules and regulations is as follows: "The fact has been determined by the commissioner of agriculture and State live stock inspector, and notice is hereby given that a contagious and infectious disease known as splenetic, Southern, or Texas fever exists among cattle in counties and portions of counties situated south or below the following described line." Then follows the boundary of the quarantined territory, from which it appears that all that part of Lincoln county lying south of Elk river is included therein. Section 1 then concludes as follows, *viz.*: "Now, therefore, we, John Thompson, commissioner of agriculture, and W. H. Dunn, State live stock inspector, do hereby quarantine the area situated south and below the above described lines; and it is hereby ordered that cattle of the area south or below the said described line shall not at any time be transported, driven, or allowed to drift therefrom to any portion of Tennessee north or above the said line, except as hereinafter provided for immediate slaughter. Neither shall cattle of any county within the said area be transported, driven, or allowed to drift therefrom into any county within the said area wherein the work of tick eradication is being conducted, except after inspection and upon written permission issued by a duly authorized State inspector." Section 5 (the particular rule violated by the plaintiff in error) is as fol-

lows, *viz.*: "No person, or persons, owning or having in charge any cattle, horses or mules, shall permit the same to run at large or stray on any public road, common or range in any county in this State in which the work of tick eradication is conducted, unless the owner shall first obtain written permission for such movement, or privilege, from a duly authorized inspector of this State. No person shall move, or cause to be moved, any cattle or other domestic animal in any manner from the farm, field or inclosure in which they are quarantined, to any other place, except on written permission from a duly authorized State inspector."

It appears, without serious controversy on the record, that the plaintiff in error willfully and knowingly permitted two cows owned by him to run at large on the public roads, commons, and ranges in that part of Lincoln county south of Elk river, on the 23d day of April, 1909 (the date set out in the indictment), and for a time theretofore and thereafter; that theretofore, to wit, on February 3, 1909, and again on March 13, 1909, notices had appeared in the *Lincoln County News,* a newspaper published at Fayetteville, in Lincoln county, and circulating throughout that county, warning cattle owners in Lincoln county south of Elk river that all cattle in that territory must "go off the range" and "go under fence" on and after April 1, 1909.

It also appears from the testimony of R. E. Koonce, live stock inspector for Lincoln county, that during the

122 Tenn—47

month of April, 1909, and prior to the 23d day of said month, he (Koonce) had a conversation with plaintiff in error concerning the rules and regulations governing cattle quarantine, and in the course of which conversation he produced and read to plaintiff in error a copy of said rules and regulations. Plaintiff in error admitted on the witness stand that he had the conversation detailed by Koonce.

The last assignment of error necessary to be noticed is based upon the refusal of the court below to give in charge to the jury a special request preferred by counsel for plaintiff in error, as follows, *viz.*: "The court charges that it is the insistence of the State in this case that a rule or regulation of the State live stock inspector and commissioner of agriculture has been violated in this case, which rule or regulation has been heretofore shown you in evidence. The court charges that the question of whether the rule in question is a reasonable one is a question of fact, for the determination of the jury under the evidence and the charge of the court."

The question of the reasonableness or unreasonableness of the rule or regulation of the agricultural department involved in this case was one for the court, and not for the jury to determine. The general rule is that the reasonableness of rules, regulations, or by-laws adopted and promulgated by officials or boards pursuant to authority delegated by the legislature is to be decided as a question of law, and that such by-law, rule, or regulation, if unreasonable, is to be held void as a

matter of law; and it is improper to submit the question of the reasonableness of such a by-law, ordinance, or regulation to the decision of a jury. Thompson on Trials, sec. 1057.

The same question, in principle, has been often before the courts in respect of the determination of the validity of ordinances of municipal corporations—whether they are reasonable or unreasonable. The authorities are practically unanimous in support of the rule that the question of whether an ordinance or by-law of a municipal corporation is reasonable is one of law for the court. Thompson on Trials, sec. 1056; McQuillin's Municipal Ordinances, sec. 185; *Com.* v. *Worcester,* 3 Pick. (Mass.), 462; *Hawes* v. *Chicago,* 158 Ill., 653, 42 N. E., 373, 30 L. R. A., 225; *State* v. *Boardman,* 93 Me., 73, 44 Atl., 118, 46 L. R. A., 750; *City of Austin* v. *City Cemetery Ass'n,* 87 Tex., 330, 28 S. W., 528, 47 Am. St. Rep., 114; *State* v. *Jersey City,* 37 N. J. Law, 348.

The learned trial judge did not err in refusing to instruct the jury as requested.

It is earnestly insisted by the learned counsel for plaintiff in error that the "regulation" upon which this prosecution is predicated is unreasonable, and therefore void as a matter of law. In order to demonstrate the supposed unreasonableness of the regulation, counsel suppose an extreme case altogether foreign to the facts of the present case. We do not think that the reasonableness of any such rule or regulation is to be tested by its application to extreme illustrations. We have

carefully considered the argument of counsel for plaintiff in error in support of the proposition that the regulations in question are unreasonable and we are unable to concur therein.   Having due regard to the objects sought to be attained and the existing circumstances and contemporaneous conditions—all of which are proper to be considered—we think the rules and regulations adopted by the commissioner of agriculture and State live stock inspector, and involved in this case, are reasonable, and are within the powers conferred by the act of assembly, and therefore valid.

The judgment must be affirmed.