JESSE H. BUTLER *et al.*

*v.*

LUKE NEVIN.

88    575
j105a  309
88    575
204   ²463

1. TAX WARRANT—*power to issue for expense of sidewalk.* Where an ordinance adopted under a special act in relation to the construction of sidewalks, did not, in terms, authorize the city clerk to issue warrants for the collection of the costs of making sidewalks in front of the owners' lots, but simply required him to make a tax list, and did not provide whether the tax should be collected by action of debt, or by warrant, but did provide that if any portion of the tax should not be collected within a specified time, upon warrants to issue therefor, then the clerk should certify the amount to the county collector, it was *held* doubtful whether the clerk had any authority to issue warrants for the collection of such taxes.

2. In such case, where the ordinance did not, as the statute required, designate the officer to whom the warrant should issue, it was *held* there was a total want of power to issue the warrant to any one, and such warrant, if issued, was absolutely void, and that all persons acting under it, as well the city as its clerk, were liable in trespass for the seizure of property under such warrant. In the exercise of a summary power, there must be a strict compliance with the statute conferring it.

3. ORDINANCE—*for collecting special tax for sidewalk.* Where a special act provided, that if the owner of a lot should not pay a special tax for constructing sidewalks, the city should construct the same, and might sue and recover the amount by action of debt, or provide by ordinance that the cost of constructing the walk in front of the owner's premises might be returned to the city clerk, and he to make a special tax list in accordance with the ordinance, and issue warrants, directed to such officer as might be designated in the ordinance for collection of such tax, it was *held,* that an ordinance which did not, in terms, authorize the clerk to issue warrants, and did not designate any officer to whom the warrant should issue, was not sufficient, and a warrant issued thereunder was absolutely void for want of power to issue the same.

4. PLEADING—*plea justifying levy as an officer of city.* Where officers of a city attempt to justify the seizure and sale of property under a warrant issued to collect a special tax for a sidewalk, the warrant should be set out, and the plea should aver that the officer making the levy had been appointed under some law or ordinance a collector of such taxes. An allegation of his appointment as collector of special assessments is not sufficient, as an appointment for that purpose does not make him collector of special taxes levied to pay the expense of building a sidewalk.

APPEAL from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding.

This was an action of trespass, brought by Luke Nevin against Jesse H. Butler and the city of Bloomington, for the seizure and sale of the plaintiff's personal property, by the defendant Butler, under a special warrant, issued by the city for the collection of a special tax for the cost and expense of building a sidewalk.

Messrs. BLOOMFIELD & HUGHES, for the appellants.

Messrs. ROWELL & HAMILTON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The city of Bloomington, acting under the provisions of an act in reference to sidewalks, in force July 1, 1875, (Sess. Laws, 63,) adopted an ordinance requiring appellee to construct a sidewalk in front of his lot, within thirty days, at his own expense. The ordinance specified the character of the walk, and provided, that if the owner should fail to make the improvement within the specified time, then it should be done by the city, and the cost, according to the frontage of his lot, be assessed to him, and a bill of costs thereof should be returned to the city clerk, certified by the street commissioner, specifying the cost of each item of expense in making the improvement. It required the city clerk, thereupon, to make a tax list against the lots embraced in the ordinance.

The ordinance provides that if any of the special taxes shall not be collected upon the warrants issued therefor, then the city clerk shall make return of the same to the county collector. Appellee refused to construct the sidewalk in front of his property, and it was made by the city, the cost returned certified to the city clerk, who issued a warrant for its collection, and it was placed in the hands of Butler, who is designated as collector of special assessments in the city. He demanded payment of the amount of the warrant, which was refused, and

a levy was thereupon made on appellee's property, and he thereupon brought trespass, and Butler and the city plead the city ordinance, and the various steps taken under it, in justification. To this plea a demurrer was filed, and it was sustained by the court, and defendants abiding by their plea, the court below rendered judgment for plaintiff, and defendants prosecute this appeal.

The plea is bad for several reasons. The act provides, that if the owner shall be in default in paying the special tax, and the city shall construct the sidewalk, it may sue and recover the amount by action of debt; or the ordinance may provide, that the items of the cost of the work done thereon by the city may be returned to the city clerk, and he to make a special tax list, in accordance with the requirements of the ordinance, and to issue warrants, directed to such officer as may be designated in such ordinance, for the collection of the amount of special tax so ascertained, and appearing from the special tax list to be due from the respective owners of the lots or parcels of land touching upon the line of the sidewalk.

This ordinance does not, in terms, authorize the clerk to issue warrants, but simply requires him to make the tax list, but does not, in terms, provide whether the tax, when thus ascertained, shall be collected by action of debt or by warrant. It is true, the fourth section of the ordinance provides, that if any portion of the tax should not be collected within a specified time upon warrants issued therefor, then the city clerk should certify the amount to the county collector, who should proceed to collect the same according to law. It may be doubted whether this conferred power upon the clerk to issue this warrant. But if it did, still the ordinance does not designate, as the statute requires, the officer to whom the warrant shall issue. In the exercise of this summary power, there must be a strict compliance with the statute conferring the power, and all can see at a glance that this ordinance clearly fails to conform to the statute. The clerk could only issue the writ to the officer named in the ordinance, and none being

37—88 ILL.

named, there was a total want of power to issue it to any one, and it is absolutely void, and all acting under it, as well the city as its clerk, are liable to an action for the seizure of property under it, precisely as though a warrant had never issued.

Again, the warrant is not set out in the plea, nor does the plea aver that the officer had been appointed, by any law or ordinance, collector of special taxes. It avers that he was collector of special assessments. If appointed for that purpose, it does not follow that he would be collector of special taxes. A special assessment is very different from a special tax in its nature, and wholly unlike in the manner of its assessment and collection. It by no means follows, because a person is appointed and authorized to collect one, that he may enforce the other.

The ordinance and plea being so totally defective, they present no defense, even if the statute could be held constitutional. But until an ordinance shall be presented that conforms to the statute, we must decline the discussion of the constitutional question urged in argument.

The demurrer was properly sustained to the plea, and the judgment of the court below is affirmed.

*Judgment affirmed.*