Alfred B. McChesney

v.

The City of Chicago.

*Opinion filed February 14, 1898.*

1. SPECIAL ASSESSMENTS—*when ordinance for constructing sidewalk is uncertain.* An ordinance for constructing a sidewalk is uncertain in description where it contains nothing from which it can be inferred whether the sidewalk is to adjoin the curb line or property line, or at what grade the walk is to be laid.

2. SAME—*estimate of cost cannot be resorted to to aid defective ordinance.* A statement in the report of commissoners appointed to estimate the cost of an improvement, which refers to the location of the improvement, will not aid a defective description of such improvement in the ordinance.

3. SAME—*question of necessity for local improvement is for the council.* The determination of the necessity for a local improvement is committed by law to the city council, and courts will not interfere with the exercise of its discretion unless the improvement ordinance is so unreasonable as to render it void.

APPEAL from the County Court of Cook county; the Hon. RICHARD YATES, Judge, presiding.

DAVID G. ROBERTSON, for appellant.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The city of Chicago filed its petition in the county court of Cook county for the levy and confirmation of a special assessment, under article 9 of the City and Village act, for the laying of a cement sidewalk on Rhodes avenue. A roll was duly made and returned. At the time set for hearing the appellant appeared and filed certain objections, all of which, save one, were overruled at the hearing. An objection to the effect that the assessment was greater than the benefits was sustained, and the assessment roll modified and confirmed.

One of the objections overruled was, that the ordinance authorizing the improvement did not specify the nature, character, locality and description of the proposed improvement, and this is assigned for error. Looking to the ordinance, we find that it provides for the construction of a cement sidewalk six feet in width on both sides of Rhodes avenue, "from 63d........to 67th ........, adjoining the......line." In the title of the ordinance the blanks after the figures 63 and 67 are each filled with the word "street," but the blank before the word "line" is not aided by any reference in the ordinance. The estimate of cost states that the improvement is adjoining the "lot" line, but this cannot supply a defect in the ordinance itself, for the statute expressly provides that the location shall be specified in the ordinance. It may be that it could properly be said that the improvement was intended to extend from Sixty-third to Sixty-seventh street, and that this intention can be gathered from the ordinance; but what is meant by "......line" cannot be inferred from anything appearing in the ordinance, and therefore the location is still left in uncertainty. Whether it is to be next to the curb line or next to the property line cannot be known. Nor can it be ascertained from the ordinance at what grade the walk is to be laid. All of these facts are material in order that the committee appointed to estimate the cost may do so intelligently and with substantial accuracy. If the ordinance fails in this regard it is insufficient. (*City of Carlinville* v. *McClure*, 156 Ill. 492; *Gage* v. *City of Chicago*, 143 id. 157.) This objection should have been sustained.

Another objection is, that the improvement was unnecessary. It is claimed that the appellant had a plank sidewalk in front of his lots, which was up to grade and in good repair. The question of the necessity of a local improvement is committed by the law to the city council, and the courts have no right to interfere, except in a case where it clearly appears that such discretion has

been abused.    The ground on which the courts interfere is, that the ordinance is so unreasonable as to render it void.    Under the proofs that was not the case here.

For the error in not sustaining the objection with reference to the uncertainty of the location of the improvement the judgment of the county court must be reversed.

*Judgment reversed.*