## MARSHALL FIELD

### *v.*

## THE VILLAGE OF WESTERN SPRINGS.

*Opinion filed October 16, 1899.*

1. INJUNCTION—*if bill is without equity court may dismiss without further pleadings.* In a suit for an injunction alone, which, on hearing of a motion therefor, is refused, the defendant may properly be denied leave to answer, and the bill, if without equity, may be dismissed.

2. SAME—*when sidewalk ordinance is not so unreasonable as to be void.* An ordinance providing for the construction of a sidewalk by special taxation is not so unreasonable as to warrant relief by injunction, where the averments in the bill disclose that a walk would be of convenience to the public and that no sufficient walk exists.

3. EQUITY—*equity will not relieve against special tax ordinance on the ground of its unreasonableness.* Equity will not relieve against an ordinance for a local improvement on the ground that it is unreasonable, oppressive and unjust, as there is an adequate remedy at law by objection on application to confirm the special tax levied to pay for the improvement.

APPEAL from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

This is a suit for an injunction, filed July 13, 1898, by complainant, a tax-payer and owner of real estate in the village of Western Springs, Cook county, Illinois, to restrain said village from carrying out the provisions of a certain ordinance passed by it on May 24, 1898, for the construction of a cement sidewalk in front of certain blocks situated in said village, upon the ground that the ordinance was unreasonable and oppressive, and therefore void. The ordinance in question was based upon the Sidewalk act of April 15, 1875.

The village of Western Springs filed a general demurrer to complainant's original bill, which, upon argument, was sustained by the circuit court. Thereupon the complainant, by leave of court, filed instanter his amended bill of complaint and moved thereon for an injunction as

originally prayed. The bill alleges that complainant is, and has been for many years past, a resident of Chicago, Cook county, Illinois; that he is interested in the premises described in the ordinance above referred to, together with adjacent premises occupying considerably more than one-half a section of land, (the whole being now known as Howard Butcher's subdivision,) as the owner of certain mortgages thereon now in process of foreclosure in the circuit court of Cook county, Illinois, and also as a tax-payer in said village of Western Springs; that owing to the large number of parties (considerably over two hundred) required to be made defendants in said foreclosure proceedings, the vigorous defenses made by them, the large amount of money due complainant (being upwards of $300,000) on account of principal and interest and taxes and assessments due from the mortgagors and secured by said premises, it is probable that said foreclosure proceedings will be carried through the Appellate and Supreme Courts of the State, and that title to said premises cannot be made marketable for many years to come; that the amount secured by said premises exceeds the market value of the same, and that complainant will probably be obliged to bid in and hold the premises upon the sale thereof for his protection, and is therefore the prospective owner of the fee simple title absolute therein; that on May 24, 1898, the village of Western Springs passed the ordinance above referred to, which is set out in full in the record; that the streets referred to in said ordinance and shown upon the plat set out in the abstract as intersecting said Howard Butcher subdivision (except Hillgrove avenue, which is the same street as that referred to in the ordinance as Chicago street,) exist in name only, and have never, in fact, been laid out upon said premises; that Chicago street is an unpaved, uncurbed, ungraded and but little-used dirt roadway, largely overgrown with grass and weeds; that none of said blocks 28 to 31, inclusive, and 36 to 39, inclusive, re-

ferred to in said ordinance, have ever been subdivided into lots, nor has any building or other improvement ever been erected thereon or upon any· of the blocks in said Howard Butcher subdivision; that, on the contrary, said premises are now, and for several years last past have been, used exclusively for the raising of hay; that owing to the foreclosure proceedings pending and above referred to it will be impossible to make title to the said lots marketable for many years to come; that the cement sidewalk called for by said ordinance, if laid in front of said premises, will be seriously injured, if not entirely ruined, whenever dwellings or other improvements are laid along the line of the said walk or whenever Chicago street is improved, both through the usage to which said sidewalk will be subjected by teams and workmen in the course of such construction and improvements, and on account of the necessary laying of house drains, water and other connections between said dwellings and said Chicago street; that the south line of said Chicago street, throughout its entire length, borders on the right of way of the Chicago, Burlington and Quincy Railroad Company, and that in consequence no residences or other improvements now exist or can hereafter exist along the south line of said Chicago street; that in consequence of the above facts no benefit can accrue from the construction of said sidewalk to the premises touching thereon and described in said ordinance; that the village of Western Springs adopted the method in said ordinance providing for the construction of the said sidewalks, viz., by special taxation, under the Sidewalk act of 1875, upon the blocks of land touching thereon, for the express purpose of preventing complainant from raising the question of benefits accruing to the said abutting land from the construction of said walk; that said village had theretofore, whenever attempting to secure the construction of improvements of this nature, provided for the payment of the same by special assessment upon the premises spe-

cially benefited thereby, wherein said question of bene-
fits might be lawfully raised; that with the exception of
two or three short pieces of cement sidewalk in front of
premises improved by residences, and so laid privately
and voluntarily by the respective owners of said prem-
ises, there is not in the whole village of Western Springs
another sidewalk similar in its composition or approach-
ing in cost the sidewalk called for by the ordinance in
question; that the sidewalk so called for is the most
expensive kind of sidewalk known, is one-half mile in
length, and that its construction as provided for in said
ordinance would cost complainant in the neighborhood
of $2000; that fully ninety per cent of the sidewalks now
in use, and which have been in use for many years past
in said village, are constructed of crushed limestone, and
that the cost of construction of such a crushed limestone
walk or of a suitable board sidewalk in front of the said
premises, which would be in all respects safe and suffi-
cient for public use and travel, would be little more than
one-half the cost per lineal foot of the sidewalk called
for by said ordinance; that there was laid several years
ago in front of blocks 36 and 37 referred to, and now ex-
ists in good condition and in all respects safe and suffi-
cient for public use and travel, a crushed limestone walk
similar in all respects to the other sidewalks in said vil-
lage of Western Springs; that the only reason or excuse
suggested by said village of Western Springs for the con-
struction of a sidewalk in the ordinance referred to, is
that it would be convenient and useful for certain chil-
dren residing in the village of Western Springs who at-
tend a high school located in said village of LaGrange,
and complainant shows and charges in this connection
that the number of children so attending said high school
is small,—not above ten. The bill further charges that
a special assessment for the purpose of the construction
of an electric light plant in the said village was provided
for by ordinance in June, 1897, and that appellant resisted

the confirmation of the same, and on the overruling of his objection he prosecuted an appeal to this court, and charges that the sidewalk ordinance which is sought to be enjoined was passed for the purpose of punishing the complainant for his resistance to the electric light assessment, and that he has not constructed the sidewalk for that reason, and that the sidewalk ordinance is grossly unreasonable, unjust, unfair and oppressive, and prays an injunction. The ordinance is made an exhibit.

On the filing of said amended bill the court held there was no equity therein and denied the motion for an injunction, whereupon counsel for the defendant moved for leave to file an answer to the bill, which latter motion was overruled and the defendant excepted, and the court ordered the amended bill to be dismissed for want of equity and at the cost of complainant, to which the complainant excepted and prosecutes this appeal.

WILLIAMS, HOLT & WHEELER, for appellant.

FREDERICK A. WILLOUGHBY, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

It has been held by this court that where a bill for injunction, only, is before the court, and a temporary injunction has been granted, a motion to dissolve the injunction for want of equity has the same effect as a demurrer to the bill, and the court, on sustaining the motion to dissolve the injunction, may properly dismiss the bill, and is not required to retain the same for hearing of pleadings and proofs. (*Titus* v. *Mabee,* 25 Ill. 257; *Weaver* v. *Poyer,* 70 id. 567; *Prout* v. *Lomer,* 79 id. 331; *Live Stock Commission Co.* v. *Live Stock Exchange,* 143 id. 210.) On principle, the same rule would prevail where a bill is filed for injunction only, which, on hearing, is refused. The bill may, in such case, be dismissed for want of equity for the same reason as in a case where a preliminary injunction has been granted

and a motion has been entered to dissolve the same.  In this case the bill is for injunction only, and on motion for an injunction, which is refused by the chancellor because of the want of equity in the bill, it was not error to refuse to allow the defendant to answer; nor was it error, if the bill was without equity, to dismiss the same on the refusal of the injunction.

The gist of the bill is that the ordinance is unreasonable, unjust, unfair and oppressive.  The ordinance for the construction of the sidewalk by a resort to special assessment as a means of raising money to pay for the improvement, was enacted under the Sidewalk act of 1875, which has been held by this court a valid act.  (*White* v. *People*, 94 Ill. 604.)  The question of the necessity of a local improvement is by the law committed to the city council, and courts have no right to interfere to prevent such improvement except in cases where it clearly appears that such discretion has been abused.  The ground on which courts interfere is that the ordinance is so unreasonable as to render it void.  (*McChesney* v. *City of Chicago*, 171 Ill. 253; *Peyton* v. *Village of Morgan Park*, 172 id. 102; *Walker* v. *Village of Morgan Park*, 175 id. 570.)  In the latter case it was said (p. 573): "From the allegations of the bill it is apparent that the real ground relied upon to defeat the ordinance providing for the construction of the sidewalk is that the locality where the sidewalk is ordered constructed is so thinly settled that there is no necessity whatever for the construction of a sidewalk; that no sidewalk was needed where it was ordered to be made.  What the public necessities were was a question solely for the determination of the president and board of trustees of the village of Morgan Park, and when the incorporation clothed with power has acted in strict conformity to the statute conferring the power, as was the case here, its decision must be held final and conclusive, unless it is apparent that the action of the municipality is unreasonable, unjust and oppressive, as held in *Hawes*

v. *City of Chicago*, 158 Ill. 653. It may be that there was no pressing demand for the sidewalk in question, and that it would in the end have been better had its construction been postponed until the population of the village had increased; but that was a matter for the board of trustees to settle for themselves. * * * The rule is, that it requires a clear and strong case to justify a court in annulling the action of a municipal corporation acting within the apparent scope of its authority. No such case was made by the bill here. No sidewalk had ever been laid over complainant's property, and while we do not think a great necessity existed for the improvement, still we do not regard the action of the village so unreasonable, unjust and oppressive as to call upon a court of equity to interfere." In *McChesney* v. *City of Chicago, supra,* it was claimed that appellant had a plank sidewalk in front of his lot which was up to grade and in good repair, and on objection to confirmation it was insisted the improvement was unnecessary, and it was held the objection was not sustained. Under the averments of this bill it cannot be said that it does not appear that the sidewalk in question would be of convenience to the public, nor does it appear that there is such a sidewalk and in such a condition as affords sufficient accommodation to the public who have occasion to go along the premises in which the complainant has an interest. It does appear that no sufficient sidewalk exists.

Complainant relies on the case of *Hawes* v. *City of Chicago*, 158 Ill. 653, as being a case identically in point with this case, where it was held that the sidewalk ordinance was unreasonable, unjust and oppressive, and therefore null and void. That case and this are entirely dissimilar. In the *Hawes case* the owner of a large tract of unimproved property, in conformity with the requirements of the city council, put down a good and sufficient plank sidewalk, which was in good condition. That walk, so constructed in conformity with the ordinance, was 1256

feet long. Five months after it had been put down, and when it was in good condition and safe and sufficient for public use, the city council passed another ordinance which required the plank walk to be torn up and a cement walk to be constructed at a cost to Hawes of $1915. To require that he should build a board sidewalk in conformity to the city's plans, and, when this expense had been incurred and whilst that walk was in good condition, in so short a time thereafter to further require it to be torn up and another walk to be laid was an imposition on the property owner that was so unreasonable, unjust and oppressive that it was well held that an injunction could issue to restrain the enforcement of such second ordinance. But no such question is presented before the court here.

Even if it should be conceded that the ordinance was unjust and oppressive because of being unreasonable, still the appellant would have a complete remedy at law. In *Peyton* v. *Village of Morgan Park, supra,* which was an appeal from a judgment confirming a special assessment for curbing with concrete and paving with brick certain streets, objections were heard by the trial court to the legality of the assessment on the ground that the ordinance was unreasonable and oppressive, in view of the character of the streets, the improvements along them and the uses to which they were put, and this court, in passing upon the same on appeal, said: "The improvement was not wholly useless, and we are not prepared to say that the ordinance is void for unreasonableness or that the court erred in overruling the objections on that ground." In *McChesney* v. *City of Chicago, supra,* an objection was made that the improvement was unnecessary, because, it was claimed, the appellant had a sidewalk in front of his lot which was up to grade and in good repair, and this court held, on appeal, that the ground on which courts interfere is that the ordinance is unreasonable to such an extent as to render it void, and that

181—13

under the proofs in that case it could not be so held. The two cases last mentioned were cases of confirmation of the assessment, and sufficiently indicate that a com-. plete remedy at law would exist, based on the objection that the ordinance was unreasonable, oppressive and unjust, and if such could be shown to be the case by evidence, the court could grant the relief sought in this case. Where the remedy at law is complete and adequate, equity will not assume jurisdiction.

We are of opinion that there is no error in the record, and the judgment of the circuit court of Cook county is affirmed.                    *Judgment affirmed.*