ELIZABETH PIERSON

*v.*

THE PEOPLE *ex rel.* John F. Walter, County Treasurer.

*Opinion re-filed October 26, 1903.*

1. SPECIAL TAXATION—*general ordinance may be incorporated into special ordinance by reference.* A general ordinance providing that all sidewalks shall be built by special taxation in a certain manner, and that special ordinances locating such walks may be passed from time to time, may be incorporated into such special ordinances by proper reference.

2. SAME—*when special tax ordinance takes effect.* An ordinance for the construction of a sidewalk by special taxation is not within the class of ordinances specified in section 3 of article 5 of the City and Village act, which do not become effective until ten days after publication, but takes effect from and after its passage, unless otherwise provided.

3. SAME—*when special tax ordinance is not invalid.* The passage and publication, upon the same days, of a general sidewalk ordinance and a special ordinance referring thereto, do not render the latter invalid, as being based upon a general ordinance which had not yet taken effect.

4. SAME—*grade for sidewalk may be provided for by reference.* An ordinance for the construction of a sidewalk by special taxation may provide for the grade of the walk by proper reference to other ordinances by which the grade of the street and the relative grade of the sidewalk are established.

5. SAME—*what not a delegation of authority to establish grade.* If the grade of a street and the relative grade of sidewalks are established by ordinance, a provision in a special ordinance locating a particular walk and directing a committee to have the line of the walk surveyed and the grade established, merely authorizes them to mark the grade points already established, and does not delegate authority to establish a grade.

6. SAME—*section 2 of Sidewalk act of 1875 construed.* Section 2 of the Sidewalk act of 1875, providing that an ordinance passed thereunder "may" require lot owners to build their own walks within thirty days, is mandatory, the word "may" meaning "must."

7. SAME—*what a substantial compliance with section 2 of Sidewalk act.* A sidewalk ordinance requiring the streets and alleys committee to notify lot owners that they must construct their walks within thirty days substantially complies with section 2 of the Sidewalk act of 1875, providing that the ordinance itself "may require" the owners to construct their walks, where the notice is given as provided in the ordinance.

8. SAME—*when ordinance sufficiently provides for approval of walk.*
The provision of section 2 of the Sidewalk act of 1875 that the materials and construction shall be under the supervision and subject to the approval of some officer or board to be designated in the ordinance, is sufficiently complied with in an ordinance providing that the walk shall be constructed under the supervision and to the satisfaction of the streets and alleys committee.

9. SAME—*determination to build walk is a determination of benefits.*
The determination of a city council to build a sidewalk by special taxation is a determination that the property taxed is benefited to the extent of the tax, and courts will not interfere with such determination unless the council has clearly abused its discretion.

10. SAME—*when entire walk need not be built before levying tax.* The rule requiring the entire line of sidewalk to be built before the apportionment of cost can be made or the tax levied, where the cost of the entire walk is to be apportioned *pro rata* upon the several lots according to frontage, value or area, does not apply where the cost of the walk in front of each lot is levied upon such lot independently of the others.

APPEAL from the County Court of Bureau county; the Hon. RICHARD M. SKINNER, Judge, presiding.

This is an appeal from a judgment of the county court of Bureau county against certain lots belonging to the appellant, Elizabeth Pierson, for a special tax levied for the purpose of building a sidewalk opposite said lots by the city of Spring Valley in said county. The judgment is for $124.20 against two lots, described as lots 15 and 16 in block 7 Dalzell's first addition to Spring Valley. There were introduced in evidence two ordinances, passed by the city council of Spring Valley, the one a general ordinance, entitled "An ordinance in relation to construction of sidewalks," and the other a special ordinance, entitled "An ordinance providing for the construction of certain sidewalks," including that opposite the lots of appellant, both of which said ordinances were passed and approved on July 2, 1901. The appellant filed objections to the entry of judgment against her lots. These objections were overruled, and exception was taken to the action of the court in overruling them.

J. L. MURPHY, for appellant.

C. N. HOLLERICH, WILLIAM HAWTHORNE, and ORA H. PORTER, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The main objection, made by the appellant to the entry of judgment against her lots, is that both of the ordinances, upon which the delinquent special tax report of the city clerk of the city of Spring Valley is based, are void. The proof shows that both ordinances were passed on July 2, 1901, and published on July 5, 1901. The special ordinance, relating to the construction of the sidewalk here in controversy, provides for its construction in accordance with the terms and provisions of the general ordinance and in the manner specified in the general ordinance. In *Hoover* v. *People*, 171 Ill. 182, we held that a general ordinance—adopted by a city, providing that all sidewalks should thereafter be built by special taxation in a certain manner and that special ordinances might be passed from time to time locating such walks— might be incorporated, by reference, into a subsequent ordinance, specifying the places where sidewalks were to be built by special taxation. It is claimed, on the part of the appellant, that the general ordinance, passed on July 2, 1901, and published on July 5, 1901, did not take effect until July 15, that is to say, ten days after it was published; and that, inasmuch as the special ordinance depended for its existence and operation upon the general ordinance, it was a nullity, as being based upon an ordinance, which had not yet gone into effect. In support of this contention reference is made to section 3 of article 5 of the City and Village act, which provides that "all ordinances of cities and villages, imposing any fine, penalty, imprisonment or forfeiture, or making any appropriation, shall, within one month after they are

passed, be published at least once in a newspaper published in the city or village, or, if no such newspaper is published therein, by posting copies of the same in three public places in the city or village; and no such ordinance shall take effect until ten days after it is so published. And all other ordinances, orders and resolutions shall take effect from and after their passage, unless otherwise provided therein." (1 Starr & Curt. Ann. Stat. —2d ed.—p. 717). The contention of counsel for appellant in this regard is without force, because section 3 has no application to a sidewalk ordinance like the one here under consideration, constructed under the provisions of the Sidewalk act of 1875. It is true, that such ordinances, as are mentioned in section 3, do not take effect until ten days after they are published, but the ordinances, there referred to, are those "imposing any fine, penalty, imprisonment or forfeiture, or making any appropriation." The sidewalk ordinances, upon which the present proceeding is based, do not come within the class of ordinances thus specified in section 3. The ordinances, here involved, contain no provision, which, by a fair construction, can be regarded as imposing a fine, penalty, imprisonment or forfeiture, or as making any appropriation. (*Illinois Central. Railroad Co.* v. *People*, 161 Ill. 244; *Mix* v. *People*, 106 id. 425; *Holland* v. *People*, 189 id. 348). The general ordinance in the case at bar took effect from and after its passage, that is to say, from and after July 2, 1901. Section 3 of the special ordinance is as follows: "This ordinance shall take effect and be in force from and after its passage and due publication," and, as it was passed on July 2, 1901, and published on July 5, 1901, it was certainly in force on July 5, 1901. Therefore, the special ordinance was not based upon a general ordinance, which had not yet gone into effect, but was based upon a general ordinance, which was already in force.

The objection is also made, that the ordinances are void upon the alleged ground that they refer to no estab-

lished grade, and establish no grade, and provide no way for legally establishing a grade for sidewalks. Section 4 of the general ordinance provides "that, whenever such special ordinance shall have been passed by the city council, authorizing and ordering the construction of a sidewalk, such sidewalk shall be constructed in the following manner: The surface of the ground, upon which such sidewalk is to be laid, shall be graded by excavating or filling, and a smooth surface made for the bed of such sidewalk eight inches below the grade line of such sidewalk, as said grade line is established by the city council; that a layer of good sand six inches in depth shall be placed on the graded surface and properly tamped. Then upon such layer of sand shall be placed the brick, bringing sidewalk to grade," etc. Here is a reference to the grade line as "established by the city council." There was introduced in evidence an ordinance, passed by the city council on August 25, 1899, establishing the grade for parts of certain streets in Spring Valley, including the street, upon which the lots of appellant abut. The reference, thus contained in section 4 to the grade line as established by the city council, was sufficient, and the ordinance of August 25, 1899, showed what that grade was. It is not necessary that a sidewalk ordinance should fix the grade, at which the sidewalk is to be laid, but a reference therein to the established grade of the street to be improved is a sufficient specification of the grade. (*Claflin* v. *City of Chicago,* 178 Ill. 549; *Brewster* v. *City of Peru,* 180 id. 124). It is true that section 5 of the ordinance makes it the duty of the committee of the city council on streets and alleys, under whose direction and supervision the sidewalk is to be constructed, within a certain time after the passage of any ordinance, authorizing and ordering the construction of a sidewalk, to have the line of the sidewalk therein authorized, surveyed, and the grade line thereof established and properly designated; but this provision merely empowered such com-

mittee to properly designate and mark the grade points, which had previously been established by ordinance. If the intention of section 5 was not to authorize such committee to properly designate and mark the previously established grade points; but to actually establish a grade, then such provision in section 5 is void. This is so, because the establishment of the grade is a legislative function, and must be exercised by the council, and, therefore, the power so to establish the grade cannot be delegated by the city council to a committee, or other official of the city. (*County of DeWitt* v. *City of Clinton*, 194 Ill. 521). If, however, such provision in section 5 were void, as conferring power on a committee to fix the grade, yet it would have no effect in invalidating the provision already referred to, contained in section 4. "It is a well established rule in regard to by-laws and ordinances, that, if a provision relating to one subject matter be void and as to another valid, and the two are not necessarily or inseparably connected, it may be enforced as to the valid portion as if the void part had been omitted." (*People* v. *City of Pontiac*, 185 Ill. 437).

Objection is also made, that the ordinances, here under consideration, did not require the owners to construct the sidewalk within thirty days after the ordinance came into force. Section 2 of the Sidewalk act of April 15, 1875, provides that the ordinance for the construction thereunder of a sidewalk "may require all owners of lots or parcels of land touching the line of said proposed sidewalk, to construct a sidewalk in front of their respective lots or parcels in accordance with the specifications of said ordinance, within thirty days after such publication, and in default thereof, said materials to be furnished and sidewalk to be constructed by said city, town or village," etc. (1 Starr & Curt. Ann. Stat.—2d ed.—p. 858). The word, "may," as here used, means "shall," or "must." "The word 'may' in a statute will be construed to mean 'shall' or 'must' whenever the rights of the public or

of third persons depend upon the exercise of the power
to perform the duty to which it refers; and such is its
meaning in all cases where the public interests and rights
are concerned, or where a public duty is imposed upon
public officers and the public or third persons have a
claim *de jure* that the power shall be exercised.   Or, as
the rule is sometimes expressed, whenever a statute di-
rects the doing of a thing for the sake of justice or the
public good, the word 'may' will be read 'shall.'" (20 Am.
& Eng. Ency. of Law,—2d ed.—pp. 239-242).   In *James
v. Dexter*, 112 Ill. 489, we said:  "The word 'may' means
'shall' whenever the rights of the public or of third per-
sons depend upon the exercise of the power, or the per-
formance of the duty to which it refers.—*Kane* v. *Footh*,
70 Ill. 587; *Fowler* v. *Pirkins*, 77 id. 271."   While the gen-
eral ordinance, which is made a part of the special ordi-
nance for the construction of the sidewalk in this case,
does not specifically require the owners to construct the
sidewalks in front of their respective lots within thirty
days after the publication of the ordinance, yet it directs,
in section 5, the committee on streets and alleys to notify
the owner, "that he or she is required to construct a side-
walk in front of such lot or parcel of land in accordance
with the specifications and requirements of this ordi-
nance within thirty days after the publication of said or-
dinance, and in default thereof that such sidewalk shall
be entirely constructed by the city of Spring Valley,"
etc.   While it was unnecessary to require the committee
to give the notice here provided for, yet the notice was
to specify what the statute required.   The statute says
that the ordinance may require the owner to construct
the sidewalk within thirty days after publication, while
this ordinance requires the committee to notify the owner
that he must construct the sidewalk within thirty days
after the publication of the ordinance.   Substantially,
and in effect, the requirement of the Sidewalk act has
been complied with by the terms of the present ordi-

nance. The testimony shows that, on July 8, 1901, written notice was served upon appellant by the committee on streets and alleys, notifying her that, in pursuance of the ordinance here referred to, she was required to construct the sidewalk within thirty days from the date of the notice, that is, within thirty days from July 8, 1901. The appellant cannot complain that she did not have such notice as was provided for by the statute. She was allowed thirty days from July 8, 1901, to construct the sidewalk, instead of thirty days from July 5, 1901, when publication of the ordinance was made; but this defect in the time, from which the thirty days were to run, caused no injury to her, but rather operated to her advantage in extending the time. We are, therefore, of opinion that the objection to the ordinance in the respect thus considered was properly overruled.

Another objection, made by the appellant, is to the effect that there was no such officer in the city of Spring Valley, as is described in said general ordinance as collector of special taxes, assessments, etc. Section 7 of the general ordinance provides that, upon the filing of the bill of costs in the office of the city clerk, the clerk shall prepare a special tax list and "shall thereupon issue a warrant for the amount of the special tax so shown to be due, directed to the collector of special assessments and taxes, who shall proceed to collect said warrant," etc. Section 3 of the Sidewalk act of 1875 provides that the clerk "shall thereupon issue warrants directed to such officer, as may be designated in such ordinance, for the collection of the amount of special tax," etc. In *Butler* v. *Nevin*, 88 Ill. 575, it was held that, where the ordinance does not designate, as the statute requires, the officer to whom the warrant shall issue, such ordinance is not sufficient, and a warrant issued thereunder is absolutely void for want of power to issue the same. There was introduced in evidence an ordinance, dated August 2, 1898, creating the office of collector of special assess-

ments and special taxes and special taxes for the construction of sidewalks, and providing for his appointment by the mayor by and with the advice and consent of the city council. There were also introduced in evidence proceedings of the council, which showed that the mayor appointed one Maurer as such collector, and that he gave bond in the sum of $10,000.00, which was approved. The journal of the city council, and an ordinance book in which all the ordinances were transcribed, sufficiently showed that such ordinance was passed, and that the collector named therein was appointed by the mayor. The proof also shows that written demand for the payment of the special sidewalk tax against her property was made upon the appellant by Maurer, the collector. It follows that the objection in regard to the officer mentioned in the ordinance was properly overruled.

Objection is made that no proof of the publication of the ordinances was made. We find attached to the ordinances, as introduced in evidence, a certificate of publication by the city clerk under the corporate seal of the city, certifying that the two ordinances, passed and approved on July 2, 1901, were published in the *Spring Valley Gazette* in said city of Spring Valley on July 5, 1901. We are unable to see why this certificate of publication is not sufficient.

Objection is made that the ordinances do not provide for the approval of the construction of the sidewalk by any officer or board. Section 2 of the Sidewalk act provides that the ordinance "may provide that the materials and construction shall be under the supervision of, and subject to the approval of some officer, or board of officers of such city, town or village, to be designated in said ordinance." Upon referring to the general ordinance in the case at bar, we find in section 5 the following provision: "Such sidewalk shall be constructed under the direction and supervision of the street and alley committee of said city;" and, in section 10, we find the following:

"All material and workmanship shall be to the satisfaction of said committee. No work defective in material or construction shall be considered as accepted, but shall be condemned, and taken up and re-built, or the defects otherwise remedied under the direction of said committee." We think that these provisions of the ordinance sufficiently comply with the requirement of the act upon this subject. The sidewalk was to be constructed under the supervision of the street and alley committee of the council, and the material and workmanship could not meet with the satisfaction of the committee, unless they were approved of by the committee. The report, signed and sworn to by all the members of said committee, to the city clerk, shows the failure of the owner to construct the sidewalk, and that it was constructed by such committee, and the manner in which it was constructed, and the materials entering into its construction.

Objection is also made that the sidewalk here constructed with brick was of no benefit to the property, and that, inasmuch as sidewalks already existed opposite appellant's property and were torn up in order to construct the new sidewalk, the latter was not necessary. It is sufficient to say in answer to this objection, that the determination by the city council that sidewalks should be constructed by special taxation is a determination that the property so·specially taxed is benefited to the extent of the special tax. (*White* v. *People*, 94 Ill. 604; *Craw* v. *Village of Tolono*, 96 id. 255; *City of Springfield* v. *Green*, 120 id. 269; *Lightner* v. *City of Peoria*, 150 id. 80; *Payne* v. *Village of South Springfield*, 161 id. 285; *Illinois Central Railroad Co.* v. *People*, 170 id. 224; *Job* v. *City of Alton*, 189 id. 256). Such determination by the city council must not be arbitrary or unreasonable, but it does not here appear that the ordinances in question are unreasonable or oppressive. As to the necessity of the improvement, that question is committed by law to the council, and the courts have no right to interfere, except in a case where

204—30

it clearly appears that the discretion of the council has been abused. It does not so appear here. (*McChesney* v. *City of Chicago,* 171 Ill. 253; *Walker* v. *Village of Morgan Park,* 175 id. 570; *Field* v. *Village of Western Springs,* 181 id. 186).

.The judgment of the county court is affirmed.

*Judgment affirmed.*

Subsequently, on petition for rehearing, the following additional opinion was filed:

Per CURIAM: A rehearing was granted in this case to enable us to give further consideration to certain objections of appellant. One of these is, that the city was bound to construct the entire line of walk upon each street before levying the tax upon any particular lot, for the reason that otherwise there might be unreasonable discrimination in the enforcement of the ordinance, and the city might select certain lots and construct sidewalks in front of them, and not build a continuous walk so as to give the owners the benefit of the entire improvement. On the hearing appellant offered to prove that the city had not built all the walks ordered by the ordinance to be constructed, and the court excluded the evidence.

The act under which the tax was levied authorizes a city to provide for the payment of the whole or any part of the cost of a sidewalk by special taxation of the lot, lots or parcels of land touching upon the line where any such sidewalk shall be ordered, and provides that such special taxation may be either by a levy upon any lot of the whole or any part of the cost of making any such sidewalk in front of such lot, or by levying the whole or any part of the cost upon each of the lots or parcels of land touching upon the line of such sidewalk *pro rata* upon each of said lots or parcels according to their respective values, or in proportion to their frontage upon the sidewalk, or in proportion to their superficial area. (Hurd's Stat. 1899, p. 319). If the cost is levied *pro rata* upon the several lots or parcels of land touching upon

the line of the sidewalk according to their values, frontage or superficial area, the entire sidewalk must be constructed before the apportionment can be made or the tax levied. If the cost of the sidewalk is to be apportioned upon the lots, a certified bill of costs cannot be made before the sidewalk is completed. (*Craig* v. *People,* 193 Ill. 199). Where the cost of making a sidewalk in front of a lot is levied upon such lot, the reason for the rule does not exist and the rule does not apply. In such case, each lot is independent of every other. The ordinance in this case provided for the construction of five different lines of sidewalk on different streets of the city, and the general ordinance provided that all sidewalks should be constructed by special taxation of the lot, lots or parcels of land touching upon the line where the sidewalk should be ordered, by levying upon each lot or parcel of land in front of and adjoining such sidewalk the total cost of that portion of such sidewalk in front of or adjoining such lot or parcel of land. Apparently, appellant would not be interested in the construction of sidewalks on other streets not adjacent to her property, except as citizens generally would be interested in such improvement. The offered evidence did not tend to show that the sidewalk as built in front of her property did not make a continuous line from one street to another, connecting with other sidewalks, or that there was any oppression or unreasonable discrimination against her. She did not offer to prove that her lots alone were selected for building the walks and that her property did not receive all the substantial benefits of the improvement. There was no error in rejecting the evidence.

It is further urged that the sidewalk, as built, was four inches wider than the ordinance prescribed, making a slight difference in the amount of the tax. The ordinance prescribed the width of the sidewalk and the general ordinance fixed the manner of construction, and provided for setting on the inside and outside lines one

course of brick on end as a curb. The alleged extra width consisted of this curb, and if it could be regarded as a departure from the sidewalk provided for, it was not a substantial departure.

The objections called to our attention in the petition for rehearing are not such as to call for a change of the judgment heretofore entered, and it is ordered that said judgment affirming the judgment of the county court be re-entered and stand as the judgment of the court.

*Judgment affirmed.*