THE PEOPLE ex rel. H. H. Whitlock, County Treasurer, Appellee, vs. MARY LAMON et al. Appellants.

*Opinion filed February 20, 1908.*

SPECIAL ASSESSMENTS—*section 7 of Sidewalk act of 1905, requiring contract to be let to lowest bidder, is mandatory.* Section 7 of the Sidewalk act, as amended in 1905, (Laws of 1905, p. 93,) requiring sidewalk contracts to be let to the lowest responsible bidder where the expense shall exceed $500, is mandatory, and cannot be evaded by dividing up the amount of walk to be constructed in front of contiguous lots and making separate contracts as to each lot. (*Pierson* v. *People,* 204 Ill. 456, distinguished.)

APPEAL from the County Court of Vermilion county; the Hon. ISAAC A. LOVE, Judge, presiding.

REARICK & MEEKS, for appellants.

KEESLAR & GUNN, and O. M. JONES, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

H. H. Whitlock, county treasurer of Vermilion county, applied to the county court of said county for judgment against certain lots belonging to May Lamon and Laura D. Bird, for certain special assessments levied upon said lots

under the Sidewalk act of 1875. The owners of lots 3, 4, 5 and 6 filed objections in the court below, all of which except one were overruled. The objection which was sustained went to an item of $16.92 which was assessed for the cost of supervision of the construction of the sidewalk. All other objections were overruled and judgment was rendered against each of the four lots for an aggregate sum of $511.03.

The objections which were overruled by the court below are as follows: (1) That the ordinance is insufficient, in that it fails to state how the sidewalk in question shall be constructed in case of the failure on the part of the property owners to construct the same; (2) that the ordinance was unreasonable and void, in that it provided for a fourteen-foot walk at this place; (3) that the evidence shows that the cost of this improvement exceeds $500 and that the contracts for doing the work were not let after advertising for bids to the lowest responsible bidder, but were let by the city council, by motion, to A. Cruzan and Frank Lindley, who did business under the name of A. Cruzan; (4) that the ordinance is void because it requires the owner of the lot, in case he elects to construct the walk himself, to keep the walk in repair for a period of three years; (5) that the notices given by the city engineer and city collector were void and insufficient to give jurisdiction. In the view that we take of this case it will not be necessary to consider any objection except the third.

Main street runs east and west. Pine street runs north and south and is one block west of Franklin street. The lots against which judgment was rendered are on the north side of Main street and are contiguous, commencing at the east line of Pine street, and have a total frontage on Main street of 258.06 feet. Section 1 of the ordinance under which the sidewalk in question was constructed provides that a concrete sidewalk be constructed on both sides of Main street from Franklin street to Pine street, in the city

of Danville. An examination of the ordinance shows that the sidewalk on each side of Main street was to be a continuous piece of work from Franklin street to Pine street. The specifications as to the character of material and manner of doing the work applied to the entire improvement. The evidence shows that the cost of the sidewalk in front of the lots objected for exceeds $500. The work of constructing this sidewalk was all done by the firm of A. Cruzan and Frank Lindley. The contracts for doing the work were made without any attempt to comply with section 7 of the amended act in relation to the construction of sidewalks by special assessment. (Hurd's Stat. 1905, p. 353.) Section 7 of said act provides: "All contracts for the construction of sidewalks as hereinbefore provided, when the expense thereof shall exceed $500, shall be let to the lowest responsible bidder in the following manner: Notice shall be given by said officer or board designated in said ordinance, to take charge of the construction and supervision of said sidewalk, by advertisement in some newspaper of general circulation in said city, village or town, that bids will be received for the construction of such sidewalk in accordance with the ordinance therefor. Such notice shall state the time of opening said bids, not more than ten nor less than five days thereafter. If no newspaper be published in said city, village or town, then four such notices shall be posted in the vicinity of the proposed sidewalk. All proposals or bids offered shall be accompanied by cash or a check payable to the order of the officer or board having charge of the improvement, and certified by a responsible bank, for an amount which shall not be less than ten percentum of the aggregate of the proposal. All contracts shall be approved by the officer or the president or presiding officer of the board having the supervision of the construction of said sidewalk."

Appellee contends that the foregoing section of the statute has no application to the case at bar, for the reason that

there was a separate contract executed between the city and the contractors for the sidewalk in front of each lot. Four contracts are introduced in evidence. All of them were made on the same day, between the same parties, and related to the construction, under the ordinance, of a part of the sidewalk in question. The contracts are identical in every respect, except that each concerns the construction of a sidewalk in front of a different lot. The four contracts, when read together, constitute a contract to construct 258.06 lineal feet of sidewalk, fourteen feet wide, in front of the four lots belonging to appellants, at fourteen and one-half cents per square foot. No reason is suggested and no explanation is attempted by appellee for splitting up this improvement into four separate contracts. The reason for the course pursued is apparent. It is manifestly a mere shift for the purpose of evading section 7 of the sidewalk statute. If the method pursued by the city is sustained, section 7 of this statute will be rendered nugatory. If the sidewalk in front of each lot is to be regarded as a separate and distinct improvement it would probably never happen that the cost of constructing a sidewalk in front of a single lot would exceed $500. Under appellee's contention a sidewalk extending the entire length of a street may be constructed at a cost of many thousand dollars and a private contract entered into for the entire work. The only thing necessary to evade the statute is to execute a duplicate contract for that portion of the walk in front of each lot.

*Kerfoot* v. *City of Chicago,* 195 Ill. 229, and *Nelson* v. *City of Chicago,* 196 id. 390, are cases which, upon principle, are much like the case at bar. The two cases above referred to involve the validity of certain ordinances of the city of Chicago passed for the improvement of Archer avenue. Section 11 of the Local Improvement act provides that upon the presentation of an ordinance for a local improvement the estimated cost of which exceeds $100,000, such ordinance shall be referred to the proper committee

and published at least one week before any action shall be taken thereon by the council. The cost of the proposed improvement of Archer avenue was estimated at upwards of $200,000. In order to avoid delay and the publication of the ordinance the city council passed three ordinances, splitting up the improvement into three sections. The cost under each, as estimated, was less than $100,000. The ordinances were all identical, except that each one related to a different section of the proposed improvement of Archer avenue. These ordinances were held invalid because there was a clear attempt to evade a statute in relation to publication, which was passed to protect property owners. In our view the case at bar is an equally clear attempt, by other means, to evade the provision of a statute passed by the legislature for the same purpose as the one involved in the cases above cited. If the course pursued by the city in awarding these contracts is sustained the same method may be resorted to by boards of local improvement and drainage commissioners, and thus nullify similar provisions of law found in the statutes relating to the manner of letting contracts by these bodies.

The only case cited and relied on by appellee to sustain the right to split up this improvement into as many contracts as there are lots fronting thereon, is the case of *Pierson* v. *People,* 204 Ill. 456. A careful examination of that case will show that it is not an authority which gives support to the position assumed by appellee. In that case objections were filed by the property owner to the rendering of judgment for a tax levied to pay for a sidewalk. The ordinance provided for the construction of five sidewalks in different parts of the city of Spring Valley. One of the objections was, that the city was bound to construct the entire line of sidewalk upon each street before levying a tax upon any particular lot. On the hearing the objector offered to prove that the city had not constructed all the sidewalks ordered by the ordinance. On objection by the

city the court excluded this evidence, and this ruling was assigned as error. In disposing of this question this court, on pages 466 and 467, said: "If the cost is levied *pro rata* upon the several lots or parcels of land touching upon the line of the sidewalk, according to their values, frontage or superficial area, the entire sidewalk must be constructed before the apportionment can be made or the tax levied. If the cost of the sidewalk is to be apportioned upon the lots, a certified bill of costs cannot be made before the sidewalk is completed. (*Craig* v. *People*, 193 Ill. 199.) Where the cost of making a sidewalk in front of a lot is levied upon such lot, the reason for the rule does not exist and the rule does not apply. In such case each lot is independent of every other. The ordinance in this case provided for the construction of five different lines of sidewalk on different streets of the city, and the general ordinance provided that all sidewalks should be constructed by special taxation of the lot, lots or parcels of land touching upon the line where the sidewalk should be ordered, by levying upon each lot or parcel of land in front of and adjoining such sidewalk the total cost of that portion of such sidewalk in front of or adjoining such lot or parcel of land. Apparently, appellant would not be interested in the construction of sidewalks on other streets not adjacent to her property, except as citizens generally would be interested in such improvement. The offered evidence did not tend to show that the sidewalk as built in front of her property did not make a continuous line from one street to another, connecting with other sidewalks, or that there was any oppression or unreasonable discrimination against her. She did not offer to prove that her lots alone were selected for building the walks and that her property did not receive all the substantial benefits of the improvement. There was no error in rejecting the evidence."

The language in the above case which appellee insists is applicable to the case at bar is found in the sentence, "In

such case each lot is independent of every other." We have quoted all that this court said on the question there being considered, in order to show that the sentence relied on by appellee has no reference to the question involved in the case now in hand. The question there before the court was whether it was competent for a lot owner to prove that sidewalks had not been constructed in other parts of the city as a reason why a judgment should not be rendered for the tax levied upon his lot for a sidewalk which had in fact been constructed in accordance with the ordinance. It was ruled that such evidence was incompetent; that each lot was independent of every other lot,—that is, each lot must bear the burden of paying for the sidewalk constructed in front of it, regardless of whether other sidewalks on other streets ordered by the same ordinance had been completed. That it was not intended to hold that each lot was independent of every other lot, in the sense that a city could pass an ordinance requiring one lot owner in a block to build a sidewalk in front of his lot and relieve other lots in the same block similarly situated, is shown by the two concluding sentences in the quotation above made from the opinion. Another reason why the case relied on by appellee can have no application to the construction of section 7 of the Sidewalk act is, that the decision referred to was rendered at the October term, 1903, and section 7 of the Sidewalk act was not passed until 1905.

Since the objection pointed out is an incurable defect in these proceedings it is unnecessary to consider other objections.

The judgment of the county court of Vermilion county is reversed and the cause remanded to that court, with directions to sustain the objection herein discussed and to refuse judgment for the whole amount of tax involved.

*Reversed and remanded, with directions.*